H. W. GROUT v. C. W. ILLINGWORTH, Treasurer of Black Hawk County, Iowa, Appellant.

Schools:  EXTENSION OF DISTRICT:  TAXATION OF PROPERTY.  Property which is brought into a school district by an extension of its limits, prior to the levy of a schoolhouse tax by the board of supervisors, is subject to the payment of the tax; even though the owner was not a resident of the district, could not par-

ticipate in voting the tax and his property was not included therein until after the amount of the tax had been certified to the county board.

*Appeal from Black Hawk District Court.*— HON. A. S. BLAIR, Judge.

THURSDAY, JULY 12, 1906.

ACTION to restrain the defendant, as county treasurer, from enforcing as against plaintiff's real property a certain school tax duly certified to the auditor of Black Hawk county in 1904 and properly levied by the board of supervisors of that county upon the property subject to taxation within the limits of the independent school district of East Waterloo City; the contention of plaintiff being that his property was not within the limits of said school district until the 15th day of April, 1904, when by the extension of the city limits the territory in which plaintiff resided and his property described in the petition was included was made a part of the said school district. A demurrer to the petition was overruled, and decree for permanent injunction was rendered against defendant, from which decree the defendant appeals.— *Reversed.*

*Mears & Lovejoy,* for appellant.

*Edwards & Longley,* for appellee.

McCLAIN, C. J.— A part of the taxes, the enforcement of which plaintiff sought to have enjoined, was for the schoolhouse fund, levied in pursuance of a vote of the electors of the independent school district on March 16, 1904. The contention of plaintiff is that at the time the electors of the independent school district voted the schoolhouse tax he was not a resident of the district, and his property, which the defendant is seeking to hold liable for such tax, was not within the limits of the district, and therefore that he did

not participate in the proceedings relating to the voting of the tax, nor was his property subject to taxation in pursuance of the action of the electors of the district by which such tax was voted, and that the tax was certified by the directors of the district after his property was brought within the limits of the district by annexation, and, although duly levied by the board of supervisors on the property within such school district, his property thus incorporated into the school district after the voting of the tax and its certification was not subject to assessment therefore. It is not questioned that plaintiff will enjoy the benefit of the expenditure of the tax thus voted, but the claim is that plaintiff had no opportunity to participate in the proceedings by which the tax was voted, because he was not a resident of such district for the reason that at the time his land on which he resided was not incorporated within the limits of the independent school district.

The fact that the plaintiff was not a resident at the time of the annual meeting is wholly immaterial. Had his property been within the limits of the district at that time, the action of the electors would have been binding upon him, and his property would have become subject to the payment of the tax, although he himself was a nonresident and had no opportunity to participate in the electors' meeting and would not personally, as a nonresident, have enjoyed any of the benefits of the expenditure of the school tax thus voted. As to this schoolhouse tax it is immaterial when it was certified to the board of supervisors by the directors of the school district, whether prior or subsequent to the incorporation of plaintiff's property into the independent school district, for the authority of the board to levy the tax was derived from the vote of the tax at the annual meeting, and not from the certification thereof by the board of directors, provided such certification was as required by law. Now, as the electors had the power to act for the school district in directing the amount of taxes for schoolhouse fund purposes

which should be levied, and did not exercise any authority as to determining the property on which it should be levied, and as the levying of the tax upon the property of the independent school district was by the action of the board of supervisors after plaintiff's property became a part of the territory of the independent school district, we think that plaintiff's property was subject to the payment of the tax. As already indicated, plaintiff's participation or right to participate in the action of the electors of the independent school district was wholly immaterial. The electors could determine for the district the amount to be levied for schoolhouse fund, and the right of the plaintiff to participate in the proceedings was determinable on wholly independent considerations. It is too clear for argument that the right of the taxpayer to participate in the proceedings with relation to the levy of the tax on his property is only as fixed by statute. He has no such constitutional right. It is true, we have held in the case of State ex rel. v. Mayor of Des Moines, 103 Iowa, 90, that a board not elected by the voters of a municipal corporation cannot be given authority to levy a tax on property within the limits of the corporation; but we think that case has no bearing on the question now before us. The vote of the schoolhouse tax was by the electors of the district, and the fact that plaintiff was not one of the electors at the time the tax was voted cannot relieve his property from liability to its payment. The board of directors which certified the tax to the board of supervisors was also an elective board, although as a matter of fact plaintiff had not participated or had an opportunity to participate in its selection. The theory that the powers exercised by government rest upon the consent of the governed has never been regarded as making it essential that any particular taxpayer shall have had a personal opportunity to participate in the proceedings which shall result in the imposition of a tax or to participate in the election of the board or tribunal which shall determine the amount of the tax.

The same line of reasoning is applicable with even greater force to other school taxes certified by the directors of the school district to the board of supervisors, and which they were authorized to certify within their discretion. It is true that the taxes thus certified for the independent school district of East Waterloo were greater than the taxes certified by the proper board of directors for the school district within which plaintiff resided and his property was situated prior to the extension of the limits of the independent school district of East Waterloo; but, so far as appears, the determination of the amount of these taxes by the board of directors may have been made and certified after the time that the plaintiff's property was brought within the limits of the independent school district, for such determination and certification may be made at any time between the third Monday in March and the third Monday in May (see Code, section 2806), and the limits of the school district were extended so as to include plaintiff's property on April 15th. It certainly cannot be contended for the plaintiff that because he did not have an opportunity to participate in the election of the members of this board of directors they had no authority to certify a tax which should become enforceable against his property. His property was within the limits of the school district so far as it appears at the time the school taxes were thus determined and certified by the board of directors and at the time the levy thereof was made by the board of supervisors, so that as to those school taxes which the board of directors had the discretion to determine and certify there can be no reasonable basis for the contention that they were not properly levied on plaintiff's property.

The action of the trial court in overruling the demurrer to plaintiff's petition was erroneous, and the judgment in favor of the plaintiff based on such ruling is *reversed.*

WEAVER and SHERWIN, JJ., dissent.