Matthias, J.
 

 A demurrer in each case presented the question of the validity of the levy of taxes upon property in the Adams Mills rural school district to meet the payment of the portion of the bonded indebtedness of the territory transferred to that district from the Jefferson school district, as apportioned by the county board of education.
 

 
 *474
 
 It is to be observed that as a part of tbe proceeding of the issuance of bonds of Jefferson school district for the purpose of erecting a school building therein, a levy of taxes sufficient to pay the principal and interest thereon as they matured had been authorized and duly certified to the county auditor, whose duty followed to place the same upon the duplicate, which duty in that regard was duly performed.
 

 It is required by Section 11, Article XII of the Constitution of Ohio, that legislation whereby bonded indebtedness is created must make provisions for levying and collecting annually by taxation an amount sufficient to pay the interest on said bonds and provide a sinking fund for their redemption at maturity. Pursuant to that requirement it was provided by Section 5649-lb, General Code (109 Ohio Laws, p. 344), that upon the issuance of bonds a certificate of the resolution providing therefor shall be filed with the county auditor, and that “thereafter, the county auditor, without further action by the tax-levying authority of the subdivision, shall include said amiual levies in the appropriate annual budgets submitted by him to the budget commissioners as provided in Section 5649-3c of the General Code.”
 

 In this instance the duty of the county auditor was fully performed. By the subsequent action of the county board of education the transfer of territory from the Jefferson district to the Adams Mills district was made, and the indebtedness apportioned pursuant to the provisions of Section 4692, General Code. No new or additional order of the board of education was necessary to authorize
 
 *475
 
 the levy of taxes for the payment of the bonds. That had been done by the Jefferson district board pursuant to the 'Constitution and the statute. Consequently the action of the county board, whereby in connection with its proceedings authorizing a transfer of territory and a division of indebtedness it assumed to direct the levy of the taxes, may be disregarded, as may also the subsequent decree of the Court of Appeals approving that action. That suit was brought merely for the purpose of enjoining the completion of such transfer until the county board performed its full duty under Section 4692, General Code, by apportioning the indebtedness of the transferred territory. Such bonded indebtedness had been incurred by the Jefferson school district for the erection of a school building in that district, which was in process of construction at the time said territory was sought to be and was transferred from the Jefferson school district to the Adams Mills school district. The territory having been duly transferred, and the indebtedness having been apportioned by the county board pursuant to Section 4692, General Code, the county auditor properly proceeded under Section 5649-3c, General Code, and the tax theretofore levied was continued upon the property in the Jefferson district and the property in the Adams Mills district in accordance with the apportionment of indebtedness so made by the county board of education. That the levy was so made and. continued is not questioned, but it is contended that the indebtedness of the original district cannot be apportioned under the law in such manner that the property other than that in
 
 *476
 
 the original Jefferson district can be required to pay any indebtedness created by that district, and it is further contended that if the statute authorizes a levy on property other than that in the original district such provision is violative of the constitutional guaranty of the equal protection of the law.
 

 It seems to be the clear purpose and intent of the provisions of Section 4692, General Code, to require that any of the indebtedness of the district from which territory is transferred shall be apportioned between the districts from which and to which such territory is transferred. Indeed, it is impossible to make that provision of the statute effective if not so interpreted and applied.
 

 When such division was made the indebtedness became the-indebtedness, of the Adams Mills district and of the Jefferson district, as apportioned. Under the provisions of iSleetion 4692, General Code, the “legal title of the property of the board of education shall become vested in the board of education of the school district to which such property is transferred,” and, when an equitable division of the indebtedness was made, all the property in each district became liable for its respective proportion thereof. There is no statutory provision which would authorize a tax levied upon only a portion of a district or subdivision, and no method has been prescribed, and none has been suggested, whereby that could be done. It would be contrary to the provisions of all tax levying and tax limitation statutes. In accordance with the familiar principles of statutory construction, Section 4692, General Code, will be so construed
 
 *477
 
 as to make it a valid enactment for all purposes, and proceedings thereunder will, if possible, be so construed as to accomplish a valid result. Just as legislation enacted subsequent to the issuance of bonds that would remove a portion of the security thereof, and thereby impair the obligation of contract, would be invalid as against the holders of said bonds so also would a proceeding under this statute which undertook to transfer a portion of the district be a nullity against holders of the bonds, if it did not provide for the apportionment of the indebtedness and payment of the bonds as contemplated in the original proceeding for the issuance thereof, as required by the constitutional and statutory provisions heretofore.referred to.
 

 The contention that such statutory provision is violative of the due process clause of .the federal Constitution has been considered in numerous cases and decided adversely thereto. In
 
 Hunter
 
 v.
 
 City of Pittsburgh,
 
 207 U. S., 161, 28 S. Ct., 40, 52 L. Ed., 151, it was held:
 

 “There is no contract, within the meaning of the contract clause of the Federal' Constitution, between a municipality and its citizens and taxpayers that the latter shall be taxed only for the uses of that corporation and not for the uses of any like corporation with which it may be consolidated. ’ ’
 

 The language of Justice Moody, who rendered the opinion of the court, is pertinent here. After referring to the powers conferred upon municipal corporations and their status as political subdivisions of the state, he said, at page 178 (28 S. Ct., 46):.
 

 “The State, therefore, at its pleasure may modi
 
 *478
 
 fy or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. * * * Although the inhabitants and property owners may by such changes suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right by contract or otherwise in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences.”
 

 The proposition involved here is thus stated in 1 McQuillin on Municipal Corporations, Section 265, and numerous authorities are cited:
 

 “Thus the Legislature has the power to extend the limits of an existing municipality by annexing territory thereto, although such territory will receive no benefit from incorporation in return for the municipal burdens thereby imposed upon it, and although the annexed territory is thereby rendered liable for the pre-existing debts of the municipality. ’ ’
 

 In the case of
 
 Mount Pleasant
 
 v.
 
 Beckwith,
 
 100 U. S., 514, 25 L. Ed., 699, where it appears that certain municipalities were legislated out of existence, and their territory was by an act of the Legislature brought within the city of Racine, Wis., the court held:
 

 “Where a municipal corporation is legislated out of existence and its territory annexed to other
 
 *479
 
 corporations, the latter, unless the Legislature otherwise provides, become entitled to all its property and immunities, and severally liable for a proportionate share of all its then subsisting legal debts, and vested with its power to raise revenue wherewith to pay them by levying taxes upon the property transferred and the persons residing thereon. ’ ’
 

 Such questions have been previously before this court. One appears in the case of
 
 Blanchard
 
 v.
 
 Bissell,
 
 11 Ohio St., 96, where territory contiguous to the city of Toledo was annexed to that city. The action was one to enjoin the collection of taxes levied for city purposes. The court approved the doctrine of the case of
 
 Powers
 
 v.
 
 Commrs. of Wood County,
 
 8 Ohio St., 285, and in the course of the opinion (at page 100) said:
 

 “It was further objected by the plaintiff below, that the city of Toledo was largely indebted at the time of annexation, and that, without his consent, his lands and lots, could not be annexed and be thereby subjected to taxation to discharge that indebtedness. This question was also made and considered in the case of
 
 Powers
 
 v.
 
 Commrs. of Wood County.
 
 And we are satisfied with the decision that such fact does not, necessarily, prevent or invalidate an order of annexation, though it may very properly be considered by the county commissioners in determining the propriety of annexation. ’ ’
 

 In the case of
 
 State ex rel.
 
 v.
 
 Cincinnati,
 
 52 Ohio St., 419, 40 N. E., 508, 27 L. R. A., 737, the constitutionality of an act authorizing a city to annex contiguous territory was challenged, and was up
 
 *480
 
 held by this court. It was there held in the syllabus that it is not a valid objection to a statute, or to an annexation under it, that a municipal corporation may be so annexed without the consent of its constituted authorities or inhabitants; nor that the taxable property therein will, become subject to taxation for the1 payment of previously incurred indebtedness of the city to which the annexation is made. .
 

 In other jurisdictions the same principle has been applied in cases of consolidation of school districts and of detachment of territory from one school district and its attachment to another.
 
 Attorney General of Michigan ex rel. Kies
 
 v.
 
 Lowrey,
 
 199 U. S., 233, 26 S. Ct., 27, 50 L. Ed., 167;
 
 Grout
 
 v.
 
 Illingworth, Treas.,
 
 131 Iowa, 281, 108 N. W., 528;
 
 Gerhardt
 
 v.
 
 Yorktown Independent School Dist.
 
 (Tex. Civ. App.), 252 S. W., 197;
 
 State ex rel. Bilby
 
 v.
 
 Brooks
 
 (Mo. Sup.), 249 S. W., 73. The ease last cited seems especially applicable because of the similarity of the legislation under consideration. It was there held that school districts and their property are creatures of the state which may be created and abolished at will by the Legislature. Hence that no provision of the Constitution was violated in providing for consolidation of school districts, even when applied to a district which had a surplus in its treasury which was transferred to. the consolidated district.
 

 All the property involved in the controversy in the instant .case is embraced within the county school district, the board of education of which is given broad powers with reference to the arrangement of districts, changing the boundary lines
 
 *481
 
 thereof, the transfer of territory from one district to another, and the equitable division of funds and indebtedness when transfers are made. It has frequently been announced by this court that the exercise of these powers conferred upon the county board of education will not be interfered with unless it clearly appears that it has abused the discretion so conferred upon it.
 

 It is well stated in the case of
 
 Kneale
 
 v.
 
 Jennings,
 
 111 Ohio St., 637, 645, 146 N. E., 87, 89, that the “arranging of districts is an administrative matter. The property owner pays taxes for the schools of his district, not because of what the board may do as regards territorial boundaries, but because of a direct requirement of the Constitution.”
 

 The facts disclosed would not warrant the conclusion that the county board had abused its discretion in the matter of the division of indebtedness. It follows that the levy made upon property in the Adams Mills district to pay the proportion of the bonded indebtedness of the territory detached from the Jefferson district and transferred to the Adams Mills district, in accordance with the apportionment made by the county board of education, was a valid levy, and that the proceeds thereof must be applied to the discharge of the bonds apportioned to that district as an equitable share of the indebtedness of the territory which was transferred to and became a part of the Adams Mills district.
 

 The judgment of the 'Court of Appeals in the error proceeding is therefore affirmed, and in the original action in mandamus instituted in this
 
 *482
 
 court the demurrer to the petition is overruled and the writ allowed.
 

 Judgment affirmed in. case No. 19096.
 

 Writ allowed in case No. 19345-
 

 Jones, Day, Allen, Kinkade and Robinson, JJ., concur.
 

 Marshall, C. J., not participating.