Stephenson, J.
 

 This is an action in
 
 quo warranto
 
 brought by Cameron Meacham, prosecuting attorney of Scioto county, Ohio, on behalf of the state of Ohio, against George Preston, William Groh, John B. Lee, Fred Bihl and Fred Bobst. The section of the General Code involved in this case, Section 4736, reads as follows :
 

 “The county board of education may create a school district from one or more school districts or parts thereof, and in so doing shall make an equitable division of the funds or indebtedness between the newly created district and any districts from which any portion of such newly created district is taken. Such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory affected by such order shall within thirty days from the time such action is taken file with the county board of education a written remonstrance against it. Members of the board of education of the newly created district shall be appointed by the county board of education and shall hold their office until the first election for members of a board of education held in such district after such appointment, at which said first election two members shall be elected for two years and three members shall be elected for four years, and thereafter their successors shall be elected in the same manner and for the term as is provided by Section 4712 of the General Code. The board so appointed by the county board of education shall organ
 
 *3
 
 ize on the second Monday after their appointment.”
 

 By way of petition relator states that respondents, George Preston and others, immediately prior to January 17, 1931, comprised the board of education of Wheelersburg rural school district of Scioto county, Ohio, but that on that date, January 17, 1931, the county board of education of Scioto county, Ohio, under and by authority of Section 4736 of the General Code of Ohio, passed a resolution creating the Wheelersburg rural school district of Scioto county, Ohio, composed of all the territory which theretofore constituted such district, together with other territory which had theretofore been a part of Yernon rural school district, all of said territory being situate within the Scioto county school district. This resolution was regularly recorded on the minutes of the county board of education. No remonstrance was filed against the creation of such district. An equitable division was made of the funds and indebtedness between the duly created Wheelersburg rural sehool district and the districts from which any portions of the new district were taken.
 

 On or about January 17, 1931, the county board of education appointed J. N. Hudson, Hiram H. Barney, J. W. Crawford, Samuel Callihan and Pearl Nagel as members of the board of education of the new Wheelersburg rural school district. On January 26, 1931, this board met and organized, and now composes the duly appointed, qualified and acting board of education of the Wheelersburg rural school district.
 

 Relator further states that the respondents herein, George Preston and others, are attempting to usurp and unlawfully hold and exercise office as members of the board of education in portions of the territory of the newly created district, and that they and each of them refuse to surrender and turn over the books, records, moneys and property of the old Wheelers-burg rural school district to the now duly qualified
 
 *4
 
 and acting board of such district, and are assuming to do and perform the duties pertaining to the office of members of the board of education of such district, against the rights of the members of the regularly created and lawful board; that respondents are without warrant of law so to do, and, unless restrained by this court, will continue to perform the duties and act as members of said board, and will cause to be expended and misappropriated public funds, without authority of law.
 

 Relator prays that respondents be required to answer by what warrant they claim to have, use, exercise and enjoy said offices; that they be adjudged not entitled thereto and judgment of ouster be pronounced against them; that J. N. Hudson, Hiram H. Barney, J. W. Crawford, Samuel Callihan and Pearl Nagel be adjudged entitled to said offices -and their franchises; and that respondents, George Preston and others, be enjoined generally during the pendency of these proceedings.
 

 Respondents for their first defense admit practically all the allegations of relator’s petition, other-than that they are attempting to usurp and unlawfully hold and exercise the offices in question.
 

 For a second defense respondents allege that all action taken by the county board of education in the way of redistricting and appointing officers was wholly void and illegal; that its action was arbitrary, capricious, whimsical and unreasonable, its purpose being to indirectly oust respondents without any regard to the propriety of the creation of such new rural school district.
 

 For a third defense respondents state that on May 11, 1931, each and all of them, individually and as residents, taxpayers and electors of Wheelersburg rural school district, as it was and as it was attempted to be made by the purported resolution of the county board of education adopted January 17, 1931, and ás
 
 *5
 
 members of tbe board of education of Wheelersburg rural school district, filed in the court of common pleas of Scioto county, Ohio, in case No. 24333 on the dockets and records of said court, their action in injunction against the county board of education of' Scioto county, Ohio, and the members thereof; also against Edward C. McCowen, the county superintendent of Scioto county, Ohio, school district, and against J. N. Hudson, Hiram H. Barney, J. W. Crawford, Samuel Callihan and Pearl Nagel, as purported members of the board of education of the purported newly created Wheelersburg rural school district. Each and all said defendants appeared in said court in said case No. 24333 and were represented therein by the relator herein, Cameron Meacham, in his capacity as prosecuting attorney of Scioto county, Ohio. Such proceedings were had in said cause that on the 6th day of July, 1931, prior to the filing of this action, said court made and entered upon its journal a finding wherein, among other things, it determined in substance the following:
 

 (1) That the purported resolution of January 17, 1931, being the same resolution as is referred to in relator’s petition in the present cause, was wholly void, and that any steps and proceedings taken in pursuance or under purported authority thereof were wholly void, for that the county board of education and the members thereof, in acting to adopt the purported resolution, proceeded without the exercise of a sound discretion, or any discretion at all, illegally, in bad faith, and in a wholly arbitrary, capricious, whimsical and unreasonable manner, and further for that the purported resolution was passed without regard to the public interest and with the primary and principal object and purpose of ousting from office as members of the Wheelersburg rural board of education four of the respondents herein, John B. Lee, William Groh, George Preston and Fred Bobst, together
 
 *6
 
 with one Ulysses S. Pinson, who was a member of the rural board on and prior to January 17, 1931; and further for that said county board did not make any
 
 bona fide
 
 investigation into the propriety of the creation of a new rural school district composed of the territory described in said purported resolution.
 

 (2) That within thirty d/iys from the passage of such resolution a majority of the qualified electors residing in the territory affected thereby filed with the county board of education a written remonstrance against such purported resolution of January 17,1931, whereby the resolution had never gone into effect, even if legally adopted.
 

 (3) That the plaintiffs in the injunction suit, namely, George Preston, William Groh, John B. Lee, Fred Bihl and Fred Bobst, being the same persons who are respondents to relator’s petition in the present cause, were, notwithstanding the purported resolution of January 17, 1931, the duly elected, qualified and acting members of the Wheelersburg rural board of education.
 

 (4) That J. N. Hudson, Hiram H. Barney, J. W. Crawford, Samuel Callihan and Pearl Nagel were not, by virtue of the purported resolution of January 17, 1931, or otherwise, members of the Wheelersburg rural board of education, they being the same persons whom relator in his petition herein seeks to have this court declare the duly elected, qualified and acting members of the Wheelersburg rural board of education.
 

 On the same day said court rendered and entered upon its journal its judgment permanently enjoining each and all the defendants in said suit1 — including the five defendants whom relator seeks in the present action to have the court declare members of the Wheelersburg rural board of education — from treating the purported resolution of January 17, 1931, as having any legal force and effect; from interfering with plain
 
 *7
 
 tiffs therein, respondents herein, in their conduct of the office of members of the board of education of Wheelersburg rural school district; from taking charge of the moneys, credits or property; from expending any of the funds of such district as the same was constituted prior to January 17, 1931; or from otherwise conducting the affairs thereof.
 

 Said finding and judgment have been at all times since July 6, 1931, in full force and effect, unmodified and unreversed.
 

 Respondents for a fourth defense allege that Section 4736, General Code of Ohio, providing for the creation of new school districts, contravenes the Fourteenth Amendment to the Constitution of the United States, and Section 20 of Article I and Section 26 of Article II of the state Constitution, in that said statute fails to require that notice be given of the taking of action by a county board, and operates in a discriminatory, arbitrary and unequal manner, whereby the right of remonstrance is given to some citizens and denied to others similarly situated; wherefore respondents pray the dismissal of relator’s petition.
 

 Relator demurs generally to respondents’ third and fourth defenses.
 

 This court cannot say that Section 4736, General Code of Ohio, contravenes either the Constitution of the United States or the Constitution of the state of Ohio, consequently the demurrer to the fourth defense is sustained.
 

 The third defense pleads
 
 res judicata.
 
 We think it is sufficiently pleaded. The identity of the parties and identity of subject-matter cannot be questioned. The cause pleaded was tried on its merits, a finding was made, and judgment was pronounced by the court, which judgment was in full force and effect prior to and at the time this action was filed.
 

 True, the adjudicated case was a suit in equity for an injunction, and the instant action is in
 
 quo war
 
 
 *8
 

 ranto,
 
 but no question was raised in tbe adjudicated case that
 
 quo warranto
 
 was the exclusive remedy. Tbe effect of tbe decree in tbe injunction case was to oust tbe same individuals tbe state in tbis
 
 quo warranto
 
 proceeding is seeking to bave declared tbe rightful members óf tbe board of education of Wheelersburg rural school district of Scioto county, Ohio.
 

 Tbis court is not bolding that
 
 quo warranto
 
 is not the exclusive remedy to test the right to a public office, but we do say that a body of men who in effect bave been ousted from public office in a suit for injunction —in which they joined issue, appeared and submitted to tbe jurisdiction — will not be permitted to invoke tbe power of tbe state to induct them back into such office.
 

 Tbe demurrer to tbe third defense is overruled.
 

 Demurrer to third defense overruled and demurrer to fourth defense sustained.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.