Gorman, J.
 

 The new Versailles Village School District was created by the county board of education under the provisions of Section 4736, General Code, which this court has heretofore held is a valid and constitutional enactment.
 
 County Board of Education of Hancock County
 
 v.
 
 Boehm,
 
 102 Ohio St., 292, 131 N. E., 812;
 
 State, ex rel. Maxwell, Pros. Atty.,
 
 v.
 
 Schneider,
 
 103 Ohio St., 492, 134 N. E., 443;
 
 Kneale
 
 v.
 
 Jennings et al., Bd. of Edn.,
 
 111 Ohio St., 637, 146 N. E., 87;
 
 State, ex rel. Meacham, Pros. Atty.,
 
 v.
 
 Preston,
 
 126 Ohio St., 1, 183 N. E., 777.
 

 Prior to January 1, 1931, this state did not have a constitutional tax limitation. Limitations imposed were solely by statute. Under such circumstances, it was held by this court that when there was a transfer of one school district to another under the provisions of Section 4692, General Code, all the property of each district was subject to the levy of a tax to meet its share of indebtedness as apportioned by the county
 
 *89
 
 board of education, regardless of the statutory limitations. See
 
 Ross
 
 v.
 
 Adams Mills Rural School District,
 
 113 Ohio St., 466, 149 N. E., 634.
 

 On November 7, 1933, Article XII, Section 2 of the Constitution of Ohio was amended by a vote of the people, and that section, after January 1, 1934, read as follows:
 

 “No property, taxed according to value, shall be so taxed in
 
 excess of one per cent
 
 of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such propositions, or when provided for by the charter of a municipal corporation.
 
 Land and improvements thereon shall be taxed by uniform rule according to value.
 
 All bonds outstanding on the 1st day of January, 1913, of the state of Ohio or of any city, village, hamlet, county or township in this state, or which have been issued in behalf of the public schools of Ohio and the means of instruction in connection therewith, which bonds were outstanding on the 1st day of January, 1913, and all bonds issued for the World War Compensation Fund, shall be exempt from taxation, and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose, but all such laws shall be subject to alteration or repeal; and the value of all property so exempted shall, from time to time, be ascertained and published as may be directed by law.
 

 “Schedule: If the votes for the proposal shall exceed those against it, the amendment shall go into
 
 *90
 
 effect January 1,1934, and existing Section 2 of Article XII of the Constitution of the state of Ohio shall be repealed and annulled; but the following enumerated levies shall not be subject to the limitation of one per cent established by such amendment:
 

 “(1) All levies for interest and sinking fund or retirement of bonds issued or authorized prior to said date which are not subject to the present limitation of one and one-half per cent imposed by Section 2 of Article XII and the schedule thereto as approved by the electors of the state on November .5, 1929; (2) All tax levies provided for by the conservancy act of Ohio or the sanitary district act of Ohio, as said laws are. in force on January 1, 1934, for the purpose of conservancy districts and sanitary districts organized prior to said date; (3) All tax levies'authorized prior to said date by vote of the electors of any political subdivision of the state, pursuant to laws in force at the time of such vote, to be made for or during a period of years extending beyond January 1, 1934, which levies are outside of the present limitation of one and one-half per cent imposed by Section 2 of Article XII and the schedule thereto as approved on November 5, 1929; and (4) All tax levies provided for by the charter of a municipal corporation pursuant to law and which were authorized prior to January 1, 1934, and are not subject to the> present limitation of one and one-half per cent imposed by said section and schedule as approved on November 5, 1929.” (Italics ours.)
 

 It is-conceded that by the schedule to the amendment, so far as the residents of the old Versailles district were concerned, the levies for the bonds issued were not to be included within the ten-mill or one per cent limitation since the bonds had been issued after a vote of the people in 1926. Both the Court of Common Pleas and Court of Appeals held, however, that the plaintiff, who had lived in Wayne Township Rural
 
 *91
 
 School District, had never had an opportunity to vote' upon the issuance of the bonds and consequently a levy for the interest and retirement of the bonds could not be made beyond the one per cent or ten-mill limitation provided in the Constitution.
 

 Article VI, Sections 1, 2 and 3 of the Constitution of Ohio, give broad powers to the Legislature to provide a thorough and efficient system of- common schools by taxation, and for the organization, administration and control thereof by that body. Pursuant to such power, provision for consolidation of districts was granted to the county board of education by the express terms of Section 4736, General Code, which pro-' vides:
 

 ‘ ‘ The county board of education may create a school district from one or more school districts or parts thereof, and in so doing shall make an equitable division of the funds or indebtedness between the newly created district and any districts from which any portion of such newly created district is taken.
 
 Such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory affected
 
 by such order shall within thirty days from the time such
 
 action is taken file with the county board of education a written remonstrance against it.
 
 * * (Italics ours.)
 

 Pursuant to this authority, when the new school district was created, in the resolution adopted unanimously on February 27, 1936, the board made the following equitable division of funds and indebtedness:
 

 “All property, moneys and funds of whatsoever kind now owned or held or which shall become due to the said Versailles Village School District and the said Wayne Township Rural School District-shall vest in and become the property of the newly created The Versailles Village School District, Darke county, Ohio; all the indebtedness of said Versailles Village School District and of said Wayne Township Rural School
 
 *92
 
 District shall be and become the valid obligations of the new district, to wit: The Versailles Village School District;
 

 “The obligations for the maintenance of the schools now in operation in the territory of the newly created school district shall be the obligations of the new board of education of such new district from and after the legal existence of such board.”
 

 The buildings and equipment of the two old districts, from which the new district was created, became the property of the new district, and the indebtedness of the old districts became that of the new. If constitutionally possible, since the residents of the new district were to obtain the benefits, equitably they should discharge the obligations which were incurred to create such benefits.
 

 Counsel for the plaintiff have contended, however, that in discharging the obligations the levy against the property of the plaintiff must be within the constitutional limitation of one per cent.
 

 The constitutional provision not only limits the rate to one per cent, but likewise specifically sets forth that the property of plaintiff “shall be taxed by uniform rule according to value.” Inasmuch as the plaintiff would obtain the same benefits as every other resident of the district, if his contention is sound as to the limitation, it would be in violation of the uniform rule provision.
 

 True, taxation at different rates in the same municipality under a specific annexation agreement has been upheld (See
 
 City of Cleveland
 
 v.
 
 Heisley,
 
 41 Ohio St., 670), but we know of no instance, in the absence of such an agreement, where the rate of taxation in the same district for the same benefits has varied as to taxpayers without being declared violative of the uniform rule provision.
 

 In the absence of specific constitutional inhibitions, the principle applies that where the boundaries of a
 
 *93
 
 school district or other political subdivisions are legally extended, the added territory becomes subject to the same obligation as the other territory in the district or subdivision.
 
 Powers
 
 v.
 
 County Commrs. of Wood County,
 
 8 Ohio St., 285;
 
 Blanchard
 
 v.
 
 Bissell,
 
 11 Ohio St., 96;
 
 State, ex rel.,
 
 v.
 
 Cincinnati,
 
 52 Ohio St., 419, 40 N. E., 508, 27 L. R. A., 737;
 
 Root
 
 v.
 
 Board of Education,
 
 52 Ohio St., 589, 41 N. E., 135.
 

 If taxes are assessed in relation to the benefits conferred, under plaintiff’s contention he would likewise receive a partial exemption from taxation contrary to the constitutional provisions.
 

 In this case, we therefore have several conflicting constitutional provisions which should be construed harmoniously, if possible.
 

 There is no constitutional right granted to the citizens of this state that the taxing districts in which they reside shall not be changed. On the contrary, the Legislature, acting through a specific grant of power under Article VI, Section 3 of the Ohio Constitution, by the adoption of Section 4736, General Code, has provided for the “organization, administration and control of the public school system.” If a vote is essential to levying taxes outside of the ten-mill limitation upon the property of the plaintiff, the consolidation without a vote could be achieved only by disregarding the uniformity and exemption clauses of our Constitution.
 

 The county board of education could, if it saw fit, create one county school district. It was given the power to effect mergers and consolidations. In such case, the only referendum available to the elector was by way of remonstrance provided for in the statute. Neither the plaintiff nor any one else availed himself of this remedy. It must therefore be presumed that a majority of those affected by the consolidation favored it.
 

 We are of the opinion that because the county board
 
 *94
 
 is acting in an administrative capacity “the property owner pays taxes for the schools of his district, not because of what the board may do as regards territorial boundaries, but because of a direct requirement of the Constitution.”
 
 Kneale
 
 v.
 
 Jennings, supra,
 
 at page 645. See
 
 Ross
 
 v.
 
 Adams Mills School District, supra,
 
 at page 481.
 

 The Constitution did not provide that in every instance where levies were made outside of the one-percent limitation, an opportunity must be given to each elector to vote on the proposal.
 

 A pertinent portion of the schedule to the amendment provided that certain enumerated levies “shall not be subject to the limitations of one per cent established by such amendment. ’ ’ The third exception provides that ‘ ‘ all tax levies authorized prior to said date by vote [January 1, 1934] of the electors of any political subdivision of the state,
 
 pursuant to laws in force at the time of such vote,
 
 to be made for or during a period of years extending beyond January 1, 1934, which levies are outside of the present limitations of one and one-half per cent” are specifically excepted.
 

 This levy for the retirement of the bonds was placed outside of the statutory limits in 1926 by a vote of the people living in the district pursuant to laws in force at that time. The levy remained outside of the constitutional limitations by the provisions of the schedule when Article XII, Section 2 was amended on November 7, 1933. It did not cease to be outside of the limitations when a new district was created. The character of the levy for these bonds did not change and the schedule specifically stated that the status of the levy was to be outside of the constitutional limitations.
 

 If the plaintiff had moved into the hew district, he would have to pay taxes over and above the one per cent limitation, regardless of his lack of opportunity to vote. Since the county board had the right to
 
 *95
 
 change his taxing boundaries, he has in effect been transferred into a new district'where bonds were issued outside of the limitations.
 

 Broad powers were granted to the Legislature with reference to passage of laws for the arrangement of districts, changing of boundary lines and the transfer of territory from one district to another under Article VI, Section 3 of the Constitution. The Legislature had the right to delegate the exercise of these powers to the county board of education. The only limitation upon the exercise of the power granted under Section 4736, General Code, is that the board cannot act unreasonably or in bad faith in effecting the creation of a new district.
 
 Board of Education
 
 v.
 
 Boehm, supra; State, ex rel. Maxwell,
 
 v.
 
 Schneider, supra.
 

 Construing the provisions and schedule of Article XII, Section 2 of the Ohio Constitution together with the express grants of authority contained in Article VI, Sections 1, 2 and 3, we are of the opinion that the provisions .of Section 4736, General Code, are still valid, and that a remonstrance is the sole method of protest given the taxpayer. If a majority does not remonstrate against the consolidation, then levies in the several districts consolidated, which were inside the limitations, remain inside, and those levies which were outside the limitations remain outside.
 

 To hold otherwise might result in either impairing the obligation of the contract with the bondholders, or cause some of the taxpayers to carry an added burden so that others could escape part of the taxation levied to discharge obligations for benefits which all of them received.
 

 Our attention has been called to the ease of
 
 Crabb
 
 v.
 
 Celeste Independent School District,
 
 105 Tex., 194, 146 S. W., 528, Ann. Cas., 1915B, 1146, in which the court seems to arrive at a' different conclusion. An examination of the case shows, however, that, under the constitutional provision of Texas, levies for school
 
 *96
 
 funds could be made beyond tbe limitation only by a vote of the people.. The case is readily distinguishable because in that state there was no specific schedule of exceptions attached to an amendment; nor were the boards of education of that state given the broad powers by legislation enacted under a specific constitutional provision as in this case.
 

 For the reasons above stated, the judgment of the Court of Appeals is reversed, and final judgment rendered by this court in favor of the defendants.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman and Williams, JJ., concur
 

 Myers, J., dissents.