Matthias, J.
 

 The action of the county board of education involved in this case is authorized by Section 4831-1, General Code, which became effective September 25, 1947. That statute specifically authorizes a county board of education to “create a new local school district from one or more local school districts or parts thereof.” The statute provides, however, that “such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory included in such newly created district voting at the last general election shall within 30 days from the time such action is taken file with the county board of education a written remonstrance against it. ’ ’
 

 It is conceded that substantially less than a majority of the remonstrators voted in the 1947 general election. That fact gives rise to the principal question of law presented, that is, whether the words,
 
 “voting at the last general
 
 election,” constituted a specific qualification of the signers of the remonstrance and, therefore, that the remonstrance to be effective must be by a majority .of electors who actually voted in the newly created district at the last general election, as contended by the defendants, or whether that language should be construed merely “as fixing the method or establishing the yard stick whereby it can be determined to a mathematical certainty actually the number of qualified electors (remonstrators) that are
 
 *290
 
 necessary to constitute a majority,” as contended by the plaintiffs.
 

 It has been so frequently stated as to become axiomatic that the meaning and intent of a legislative enactment are to be determined primarily from the language itself. The plain provisions of a statute must control. If there is no ambiguity therein there is no occasion to construe or interpret. To construe or interpret what is already plain is not interpretation but legislation, which is not the function of courts. When the meaning is plain from the language employed, an attempt to construe it only tends to make ambiguous that which is simple and clear. The statute provides that to be effective the remonstrance must be by a majority of the qualified electors residing in the territory and then goes further and specifies the additional qualification, that they must be qualified electors
 
 “voting at the last general
 
 election.”
 

 There is a similar provision in Section 3567-1, General Code, which section has been in existence many years, as to a proceeding involving the provision for “a petition signed by resident electors, who voted at the last municipal election, numbering not less than twenty-five per cent
 
 of the number
 
 of electors
 
 who voted in the last municipal election
 
 in the territory * * (Emphasis supplied.)
 

 The General Assembly has thus said in language susceptible of only one meaning that to qualify and be counted as a remonstrator against the action of the board of education one must have voted at the last general election. Had the purpose of the General Assembly been otherwise there are very simple words which could have been employed therefor. Indeed there are numerous instances where that has been done, among which are the following:
 

 Section 3568-1, General Code, which in certain annexation proceedings authorizes “a petition signed by
 
 *291
 
 resident electors
 
 of a number
 
 not less than twenty-five per cent
 
 of the number
 
 of electors voting at the last previous municipal election.” (Emphasis supplied.)
 

 Section 4785-91, General Code, which authorizes nominating petitions “signed * *
 
 *
 
 by qualified electors * * *
 
 not less in number
 
 than one per cent of the qualified electors voting at the next preceding general election for the office of Governor * * *.” (Emphasis supplied.)
 

 It is significant that at the same time and in the same act Section 4831-1, General Code, was enacted in its present form, Section 4831-13, General Code, was amended so that instead of authorizing a petition “signed by
 
 75%
 
 of the qualified electors residing within the territory proposed to be transferred,” it now requires “75% of the qualified electors residing in the territory which the petition seeks to have transferred
 
 voting at the last general election.”
 

 The principle, that if a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional, the former should be adopted, is well established but, of course, that rule has no application where there is no ambiguity in the language and it, therefore, needs no construction.
 

 Counsel for the plaintiffs contend that Section 4831-1, General Code, as construed, renders it violative of certain provisions of the Constitutions of the state of Ohio and of the United States.
 

 We perceive in the provisions of Section 4831-1, General Code, no violation of any constitutional provision, state or federal. There is therein no deprivation of any right conferred by any constitutional provision. It has uniform operation throughout the state, it does not abridge the privileges or immunities of any citizen or deprive any one of due process or equal protection of the law, it deprives no citizen of his con
 
 *292
 
 stitutional right to vote, and it creates no ambiguity or unreasonable classification of citizens.
 

 The right to remonstrate against the action of the board of education, pursuant to provisions of Section 4831-1, General Code, is conferred solely by statute. Such right could be withheld entirely without in any wise affecting the validity of the law. It involves no denial of any citizen’s right of franchise by requiring that to join in a remonstrance he must have been a voter in the territory at the last general election, thus .avoiding- the necessity of an investigation to determine who at the particular time the remonstrance is signed would have a right to vote if an election were then held. The difficulties which arise in such a situation are obvious.
 

 “Where a statute creates and regulates, and prescribes the mode and names the parties granted right to invoke its provisions, that mode must be followed and none other, and such parties only may act.” 2 Sutherland Statutory Construction (3 Ed.), 414, Section 4915.
 

 It follows that the provisions of the statute, prescribing the time for filing a remonstrance and the number and qualifications of remonstrators required to invalidate the action of the county board of education, are not violative of either the Constitution of the state or of the United States.
 

 In addition to authorizing the county board of education to “create a new local school district from one or more local school districts or parts thereof,” Section 4831-1, General Code, further provides that the county board of education “shall make an equitable division of the funds and indebtedness between the newly created district and any districts
 
 from which any portion
 
 of such newly created district is taken.”
 

 It is to be observed that this proceeding does not involve the division of a school district and the transfer
 
 *293
 
 of a part thereof to another district. Here two entire school districts are consolidated and thereby one new school district is created. The funds and indebtedness of the two local school districts become the funds and indebtedness of the newly created school district.
 

 Although this issue has not been directly presented to this court, it was involved in the following cases:
 
 Ross
 
 v.
 
 Adams Mills Rural School District,
 
 113 Ohio St., 466, 149 N. E., 634; and
 
 Gigandet
 
 v.
 
 Brewer,
 
 134 Ohio St., 86, 15 N. E. (2d), 964.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Hart, JJ., concur.