Stewart, J.
The Board of Elections of Cuyahoga County bases its refusal to hold an election on November 3, 1953, on the question proposed by the petitioners, on the ground that on November 3, 1953, there will be no authority to hold such an election since Amended House Bill No. 713, effective October 15, 1953, not only repealed Section 4831-15, General Code (Section 3311.25,• Revised Code), but provided further that all rights, elections, actions, and proceedings pending under Section 3311.25, Revised Code, are null and void.
Relator insists that, since the petition of the Fair-view Park electors was filed with the board of elections while Section 4831-15, General Code (Section 3311.25, Revised Code), was in full force and effect, the board of elections has a legal duty to provide for an election on the question presented. Relator bases his contention on the grounds that Amended House Bill No. 713 violated Section 10, Article I of the Constitution of the United States, which proscribes the passage by any state of an ex post facto law or one impairing the obli *179 gation of contracts; that it violated Section 1, Article XIV, Amendments, Constitution of the United States, which provides that no state shall deprive any person of property without due process of law or deny to any person the equal protection of the laws; that it violated Section 26, Article II of the Constitution of Ohio, which provides that all laws of a general nature shall have a uniform operation throughout the state; and that it violated Section 28, Article II of the Constitution of Ohio, which provides that the General Assembly shall have no power to pass retroactive laws or laws impairing the obligation of contracts.
Relator has filed two informative and scholarly briefs in which a large number of cases are cited supporting the proposition that laws passed in violation of the constitutional provisions above mentioned are void and of no effect, and relator argues that when the residents in Fairview Park filed their petition with the board of elections in accordance with Section 4831-15, General Code '(Section 3311.25, Revised Code), there arose a contractual right which belonged to them and which could not be taken away by the repeal of the statute under which that right had ripened. In other words, relator contends that, unless this court commands the board of elections to hold an election on the proposal in question, there 'will be an impairment of the contractual rights of the Fairview Park petitioners, an enforcement, of retroactive legislation, and a denial of due process and the equal protection of the law.
It is axiomatic that the General Assembly can not pass legislation which impairs contractual rights, whether they arose under legislative enactments or otherwise, or retroactive legislation, nor can it in any way deny due process of law or equal protection of the laws. However, in our view, the enactment of Amended House Bill No. 713 did not violate any constitutional provisions.
*180 Under Sections 1, 2, and 3 of Article VI of the Ohio Constitution, the General Assembly is given exceedingly broad powers to provide a thorough and efficient system of common schools by taxation, and for the organization, administration, and control thereof. Gigandet v. Brewer, Treas., 134 Ohio St., 86, 91, 15 N. E. (2d), 964. As Section 3, Article VI of such Constitution, states, ‘‘provision shall be made by law for the organization, administration and control of the public school system of the state supported by public funds.”
It follows that the General Assembly has the power to provide for the creation of school districts, for changes and modifications thereof, and for the methods by which changes and modifications may be accomplished, and, where it has provided methods by which changes in school districts may be made, no citizen has a vested or contractual right to the continuation of such methods, and if a particular method is abolished or changed by legislative enactment there can be no basis for a claim that a contractual or vested right is impaired.
The General Assembly enacted Section 4831-14, General Code (Section 3311.24, Revised Code), and Section 4831-15, General Code (Section 3311.25, Revised Code), and thereby provided two different methods by which territory might be transferred from one school district to another. When the latter section was repealed the former was left intact.
It has been held so many times as to be axiomatic that a mere change in a method or proceeding not involving any substantive rights does not violate any constitutional provision with reference to retroactive legislation or to impairment of contracts, and that a statute which provides a rule of practice, a course of procedure, or a method of review is remedial in its nature. County of Miami v. City of Dayton, 92 Ohio St., 215, 110 N. E., 726.
*181 The claim of relator, when boiled down, amounts simply to an assertion that the residents of a portion of Fairview Park secured a contractual right to an election with reference to a change in school districts, for the reason that they filed their petition for such an election while a statute was in effect giving a right to such an election. The statute providing for the election conferred only a privilege which could be exercised so long as the statute remained in effect, but just as the General Assembly had the power to grant such a privilege it also had the power to take it away.
While the statute was in effect, the petitioners had the privilege to demand an election, but, when the statute was repealed before the election was held, such privilege was taken away without any impairment of vested or contractual rights.
We would have a different question if there had been an election previous to the repeal of the statute which authorized it.
This court has held that a candidate who is properly qualified under a law for election to a statutory office has no right to have an election for that office, which the legislature has not the power to take away.
In State, ex rel. Weller, Jr., v. Schirmer et al., Board of Elections, 131 Ohio St., 455, 3 N. E. (2d), 352, the relator sought by mandamus to compel the board of elections to place his name on the judicial ballot for the Court of Common Pleas for a term beginning February 9, 1937, in accordance with Section 1532, General Code, which had been repealed after the relator had filed his petition for nomination for the office.
The relator contended that since he had perfected his nomination for judge prior to the date of the repeal he acquired a right to become a candidate, and that the repealing act could not apply to the term of office which he sought without constituting a retroactive and ex post facto enactment.
*182 This court in its per curiam opinion said:
“The Court of Appeals found that relator by reason of filing such petition acquired no vested, constitutional or other right to have his petition considered by respondents for an office provided for by the repealed section; that such office ceased to exist and had been abolished; and that relator’s name should not, therefore, be placed upon the ballot for an office which had been abolished subsequent to the filing of his nominating petition and previous to the election covering such office. A writ of mandamus was denied by the Court of Appeals.
“On consideration whereof it is ordered and adjudged that the judgment of the Court of Appeals be, and the same hereby is, affirmed on authority of State, ex rel. Gustafson, v. Krause et at., Bd. of Elections, ante, 97. ’ ’
In the Weller case this court decided that the General Assembly had the power to abolish a statutory office and deprive a candidate, who had qualified as such, of the privilege of an election for the office. By the same reasoning the General Assembly had the power to abolish an election method of changing school districts, even though proceedings to hold such an election had been started before the abolition. In either case, simply procedural legislation was involved under which no contractual or vested rights had accrued.
Section 26, General Code, provided:
“Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
*183 Section 4831-15, General Code (Section 3311.25, Revised Code), was a remedial enactment and it might be argued that Amended House Bill No. 713 would not have affected the proceeding of the Fairview Park residents and they would have been entitled to have their question submitted at the November 3, 1953, election, except for the fact that such house bill expressly provided that all rights, elections, actions, and proceedings pending under Section 3311.25, Revised Code, are null and void.
It is argued by relator that Amended House Bill No. 713 was not of uniform operation throughout the state in that it was aimed only at the Fairview Park proceeding. However, that argument is not persuasive since the statute in its terms was of uniform operation and would apply to any case that might be similar to or like the one under consideration.
The mere fact that there may be no other such cases pending does not deprive the law of its uniform-operation character.
The demurrer to the answers is overruled and the writ is denied.

Demurrer overruled and writ denied.

Weygandt, C. J., Middleton, Taet, Hart and Zimmerman, JJ., concur.
Matthias, J., not participating.