ODOM, ARCHIE M., Associate Judge.
This appeal is from a judgment of ouster and peremptory writ of quo warranto entered by the trial court on June 17, 1961 against appellants, City of New Port Rich-ey, Florida, its Mayor, Clerk and Council, in a disputed annexation proceeding.
*904 Appellees, James O’Malley, et al. are property owners residing in the area.
Another facet of the present controversy was earlier before this court in the case of Kohler et al. v. Poole et al., 118 So.2d 680. The case has had a long and involved history which, reduced to its essentials, is as follows:
In November of 1957 a petition for annexation was presented to the City Council pursuant to a recent Special Act (Chapter 57-1603 Laws of Florida) by property owners in an unincorporated area of Pasco County, adjacent to the City of New Port Richey.
This Act called for the petition to be signed by a majority of the property owners in the area seeking annexation, passage by the City of an Ordinance proposing annexation, and a favorable vote by a majority of the registered voters in the city and the property owners in the area annexed.
The petition was presented, the Ordinance passed, and the election, which was favorable, held on December 3, 1957. The City then treated the lands as a part of the city, placing them on the tax rolls.
Thereafter, a group of dissident property owners in the annexed area filed suit against the city seeking a preventive injunction and attacking the earlier proceedings on the grounds that the petition referred to failed to contain a required majority of signatures. The motion of. the City to dismiss was granted; and upon failure to further plead, a final decree was entered dismissing that suit.
Some time later, the membership of the City Council changed, and a resolution was passed purporting to de-annex the area in question along with another area not herein involved. This occurred in January of 1959 and the City ceased to collect taxes.
The property owners who had favored the annexation filed suit for a writ of mandamus against the City to compel the return of the area to the tax rolls and upon hearing, the writ was granted and the City declared to have been without power to de-annex. The appeal from that order came before this court as the Kohler case (supra) and the trial judge was affirmed per curiam. The City in obedience to our ruling rescinded the de-annexation and replaced the property on the tax rolls.
In October of 1960 the dissident group of - property owners (appellees here) filed suit on relation of the State after the Attorney General’s office had declined to pursue the action.
These owners asked for a writ of Quo Warranto; again relying on an alleged lack of jurisdiction of the City to annex because of the failure of the 1957 petition to include a majority of the affected owners’ names. The City moved to quash and answered setting forth by way of defense Laches, res judicata, and Statute of Limitations. The trial court granted the writ and entered the judgment of ouster from which the City has prosecuted this appeal.
The main point relied upon by appellants is essentially that absent a showing of fraud, the propriety of the annexation should not be raised again in the Quo War-ranto proceeding because it was a part of, and had been passed upon by implication in the earlier actions as a question of fact, and that estoppel should apply.
Appellees urged that Quo Warranto is an exclusive remedy by which to question the validity of a municipal annexation, and that therefore all events and actions that transpired prior to the petition for the writ should be disregarded as a nullity.
Examination of the basic factual situation in this case reveals that whereas the non-municipal parties to the action in Quo Warranto are not the same individuals involved in the earlier proceedings for injunction and mandamus, they were persons indentically situated.
They were residents of, and property owners in, the annexed area. Those urging *905 the Mandamus action and those seeking injunction and Quo Warranto held divergent views but this does not legally distinguish them. There was a mutuality of interest in the same subject matter.
For a period of five years first one group and then another has been directly and indirectly testing but one basic issue: the validity of the 1957 annexation. During the course of three different proceedings this has been fundamental.
In the mandamus proceeding a finding of fact was made that the lands in question had been duly annexed under Chapter 57-1603 by virtue of a substantial compliance therewith; and reference made to the earlier injunction proceeding. We feel that the doctrine of res judicata applies in this case and that a collateral attack cannot be made because the interests of the present parties and those in the earlier actions involving the same lands were the same, and that they are bound.
The case of Sauls v. Freeman, 24 Fla. 209, 4 So. 525, 12 Am.St.Rep. 190, involved the following factual situation: A petition purporting to contain one-third of the registered voters was presented to the County Commissioners requesting an election for a change of location of the County seat. Mandamus proceedings were instituted by certain registered voters in the County to require the holding of said election and a peremptory writ was issued. No appeal was taken in the mandamus- proceedings. The election was held and a majority favored moving said County seat. Another group of tax payers filed another suit seeking to restrain the County Commissioners from moving the County seat because of irregularity in the original petition. The trial court dismissed the bill and an appeal to the Supreme Court of Florida was taken. In affirming the action of the trial court Justice Raney, speaking for the Court, determined the law to be as follows:
“If there was any fatal deficiency in the petition filed before the county commissioners, or any other good reason in law why the election should not have been called, it could have been interposed as a defense to the alternative writ of mandamus, and it was the duty of the commissioners to do so. They are the representatives of the county in the matter of their duties under the statute; and, if they have failed to avail themselves of any legal defense to the writ, the complainants, and other people of the county, are precluded by the judgment thereon, — there being not only no charge of fraudulent collusion between the commissioners and the petitioners, or between the former and the relators, but none of fraud of any kind against either the commissioners, the petitioners, or the relators.
“A judgment against a county, or its legal representatives, in a matter of general interest to all the people thereof, — as one respecting the levy and collection of a tax, — is binding, not only on the official representatives of the county named in the proceeding as defendants, but upon all the citizens thereof, though not made parties defendant by name. Clark v. Wolfe [Wolf], 29 Iowa, 197; Freem.Judgm. § 178. In Gaskill v. Dudley, 6 Metc. 546, D. recovering judgment by default against a school-district in an action on a contract with the district to build a schoolhouse, and levied his execution on the goods of G., a member of the district, and it was held that G. could not give evidence that D. had not performed his contract, and therefore ought not to have recovered judgment against the district; and in Lane v. Inhabitants of School-Dist., 10 Metc. 462, the decision was that individual members of a school-district had no right to appear and be heard in defense of an action against the district.
“If the judgment in mandamus was not as effectual, upon the principle of res adjudicata, against the inhabitants of the county as it is against the county commissioners, there would be no *906 end to litigation in such cases, or in any cases against county officials as such. Terry v. Town of Waterbury, 35 Conn. 526, 534.
“Every question suggested by the bill as to the validity of the petition, including those as to the names of some of the signers being on the registration lists, and those as to the legality of the registration of others, could, in so far as they were the subjects of judicial inquiry, have been raised by the commissioners in the mandamus proceeding. [Columbia] County Commissioners v. Bryson, 13 Fla. 281.”
In the case of Young v. Miami Beach Improvement Co., Fla., 46 So.2d 26, the principle was stated as follows:
“A judgment against a municipal corporation in a matter of general interest to all its citizens is binding on the latter, although they are not parties to the suit. Every taxpayer is a real, although not a nominal, party to such judgment, and cannot relitigate any of the questions which were litigated in the original action against the municipality, or its legal representatives, and, if the municipality fails to avail itself of legal defenses, the people are concluded by the judgment.” (Citations omitted.)
The case of State ex rel. Meacham v. Preston, 126 Ohio St. 1, 183 N.E. 777 is somewhat similar to the case at bar in the application of principles of law. In this case the facts were as follows:
An Act was passed by the Legislature purporting to give the County boards of education authority to create new school districts. A new district was so created which encompassed territory in a then existing district. The officers of the board of the pre-existing district sought to enjoin the officers of the new district from taking any action as such because of irregularities in proceedings. The Court found in favor of the officers of the old district and permanently enjoined the officers of the new district from assuming office. No appeal was taken from that decree. Later the officers of the newly created district sought by quo warranto to oust the officers of the old district from office to which a plea of res judicata was made. The Supreme Court of Ohio in sustaining this plea found as follows:
“The third defense pleads res judi-cata. We think it is sufficiently pleaded. The identity of the parties and identity of subject-matter cannot be questioned. The cause pleaded was tried on its merits, a finding was made, and judgment was pronounced by the court, which judgment was in full force and effect prior to and at the time this action was filed.
“True, the adjudicated case was a suit in equity for an injunction, and the instant action is in quo warranto, but no question was raised in the adjudicated case that quo warranto was the exclusive remedy. The effect of the decree in the injunction case was to oust the same individuals the State in this quo warranto proceeding is seeking to have declared the rightful members of the board of education of Wheelersburg rural school district of Scioto county, Ohio.
“This court is not holding that quo warranto is not the exclusive remedy to test the right to a public office, but we do say that a body of men who in effect have been ousted from public office in a suit for injunction — in which they joined issue, appeared and submitted to the jurisdiction — will not be permitted to invoke the power of the state to induct them back into such office.”
For the foregoing reasons the judgment of the trial court is hereby reversed.
Reversed.
SHANNON, C. J., and SMITH, J., concur.