THE STATE OF OHIO, APPELLANT, *v.* BRANTLEY, APPELLEE.

[Cite as State v. Brantley, 1 Ohio St. 2d 139.]

(No. 38725—Decided March 10, 1965.)

*Mr. John S. Ballard,* prosecuting attorney, and *Mr. Alfred R. Smith,* for appellant.

*Mr. J. Franklin Spruill* and *Mr. Thomas S. E. Brown,* for appellee.

TAFT, C. J.   Section 2915.111 provides punishment as for a misdemeanor "for a first offense" and punishment as for a felony (*i. e.,* imprisonment for a maximum term of more than one year.   See Sections 1.05 and 1.06, Revised Code) "for each subsequent offense."

Defendant was convicted for a violation of that statute, which took place in October 1961. This conviction was in March 1962. Thereafter, defendant was indicted and convicted as a subsequent offender for a violation of that statute, which occurred in February 1962.

Defendant contends that he cannot be convicted as a subsequent offender because his second violation of the statute occurred before and not after his conviction for the first violation thereof. In other words, he contends and the Court of Appeals held that a violation of the statute could not be a "subsequent offense," within the meaning of this statute, unless such violation occurred after defendant's conviction for a previous violation of the statute.

The effect of this contention and of this holding is either (1) to read the words "first offense" where they occur in the statute as though they read "first conviction" or (2) to insert in the statute a requirement, not expressed therein, i. e., that, in order to be a "subsequent offense," an offense must occur "after a conviction for a first offense."

The ordinary meaning of the word "offense" is "the doing that which a penal law forbids to be done or omitting to do what it commands." On the other hand, a "conviction" is "that legal proceeding which ascertains the guilt of the party upon which the sentence or judgment is founded." Bouvier's Law Dictionary (Baldwin's Century Ed. 1940). In other words, a conviction is a legal ascertainment that an offense has been committed. A conviction is not an essential element of an offense although an offense is always a prerequisite to a conviction.

Thus, it would be necessary, in order to affirm the judgment of the Court of Appeals, either to give other than their ordinary meaning to the words "first offense" in the statute or to add words to the statute which the statute does not contain.

As stated in State v. Dale (1900), 110 Iowa 215, 217, 81 N. W. 453, "the statute does not, in terms, require that the convictions should antedate the offense charged * * *. What reason is there for adding something to the language of the statute?"

As stated in State v. McCormick (1928), 104 N. J. Law 288, 140 A. 297:

"The 'offense' took place when the alleged criminal act was committed irrespective of the time of conviction or the plea of guilty, so long, at least, as such conviction or plea of guilty took place before the return of the indictment charging a similar offense as a second offense."

In support of the Court of Appeals judgment, defendant has referred to *Hawkins* v. *State* (1928), 27 Ohio App. 297, 161 N. E. 284; *State* v. *Bowman* (1962); 116 Ohio App. 285, 187 N. E. 2d 627; *Staniforth* v. *State* (1927), 24 Ohio App. 208, 156 N. E. 924; and *Harvey* v. *Myers, Supt.* (1959), 110 Ohio App. 469, 169 N. E. 2d 310.

None of these authorities represent a holding or support the conclusion that there can be no conviction for a "subsequent offense" which occurred before a conviction for a prior offense.

*Larney* v. *City of Cleveland* (1878), 34 Ohio St. 599, does hold that "where a greater punishment may be inflicted upon a conviction for a second or subsequent violation of a criminal law, than for the first, the fact that the offense charged is a second or subsequent offense must be averred in the indictment or information, in order to justify the increased punishment." In the instant case, the indictment does aver that necessary fact.

*Carey* v. *State* (1904), 70 Ohio St. 121, 70 N. E. 955, goes further and states in paragraph two of the syllabus that "an affidavit for prosecution * * * which * * * does not allege a previous conviction, is in legal effect a charge of a first offense only * * *."

In the instant case, the indictment does "allege a previous conviction."

However, the first sentence of paragraph two of the syllabus of the *Carey case* states further that "the term 'offense' as used" in a statute in a manner similar to its use in the statute involved in the instant case "is the equivalent of conviction." This dictum, when taken out of context, would appear at first to support defendant's position. However, as indicated in the opinion at page 125, the term "second offense" would then mean "second conviction."

Thus, if the statute in the instant case is rewritten in accordance with the dictum in the first sentence of paragraph two of the *Carey case*, it would provide punishment as for a

misdemeanor "for a first conviction" and punishment as for a felony "for each subsequent conviction" and thereby it would provide for increased punishment for any conviction, such as that in the instant case, *"subsequent"* to *"a first conviction."*

Certainly, the *Carey case* cannot support in any way a reasonable conclusion that the words in the statute involved in the instant case, "first offense," can be interpreted to read "first conviction" without then having the words "subsequent offense" made to read "subsequent conviction."

We recognize that there are authorities outside Ohio which hold that similar statutory provisions require that an offense must occur after conviction for a prior offense in order to be a subsequent offense. See 25 American Jurisprudence 266, Section 12; 24B Corpus Juris Secundum 466, Section 1960 (5) (b); annotation, 24 A. L. R. 2d 1247, 1249. However, for the reasons hereinbefore stated, we are of the opinion that it is not necessary in order to have a conviction for a subsequent offense under Section 2915.111, Revised Code, that such subsequent offense should occur after a conviction for a first offense. The judgment of the Court of Appeals must, therefore, be reversed and that of the Common Pleas Court affirmed.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.