[Cite as *State v. Pendergrass*, 2018-Ohio-3813.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27814 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-896 |
| | : | |
| GERALD PENDERGRASS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of September, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

JEFFREY R. McQUISTON, Atty. Reg. No. 0027605, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court's dismissal of a re-indictment issued on September 13, 2017, against Defendant-appellee, Gerald Pendergrass. Raising two assignments of error, the State argues that the trial court misconstrued R.C. 2907.04(B)(4) and, in the alternative, that the trial court erred by dismissing the re-indictment in its entirety, rather than allowing the case to proceed on lesser included offenses. We find that the trial court erred by dismissing the re-indictment pursuant to R.C. 2907.04(B)(4); therefore, we sustain the State's first assignment of error and reverse the trial court's judgment of November 14, 2017. The State's second assignment of error is consequently overruled as moot.

## I. Facts and Procedural History

{¶ 2} On August 4, 2016, a Montgomery County Grand jury issued an indictment against Pendergrass in Case No. 2016 CR 02355. The indictment charged him with two counts of unlawful sexual conduct with a minor, fourth degree felonies pursuant to R.C. 2907.04(A) and (B)(1), in relation to events that allegedly occurred "between the dates of October 1, 2015[, and] December 1, 2015." Pendergrass pleaded guilty to one of the two counts, and on September 30, 2016, the trial court docketed a termination entry reflecting the plea and the sentence imposed.

{¶ 3} In the instant case, a subsequent Montgomery County grand jury issued another indictment against Pendergrass on or about August 31, 2017. Again, Pendergrass was charged with two counts of unlawful sexual conduct with a minor, also fourth degree felonies pursuant to R.C. 2907.04(A) and (B)(1), but these new charges related to events that allegedly occurred "between the dates of May 19, 2013[, and] May

19, 2014." At his arraignment on September 5, 2017, Pendergrass entered a plea of not guilty.

{¶ 4} On September 13, 2017, Pendergrass was re-indicted on nearly the same charges. The re-indictment, however, alleged that the underlying events occurred between May 19, 2013, and May 19, 2015, and specified that Pendergrass had "been previously convicted * * * on September 30, 2016, for the offense of unlawful sexual conduct with a minor in [C]ase [N]umber 2016 CR [0]2355." In light of the previous conviction, the offenses in the re-indictment were charged as second degree felonies pursuant to R.C. 2907.04(A) and (B)(4). Pendergrass again entered a plea of not guilty when he appeared for arraignment on the re-indictment on September 14, 2017.

{¶ 5} On September 22, 2017, Pendergrass moved to dismiss the re-indictment under Crim.R. 12(C)(2). Effective October 11, 2017, the trial court entered a nolle prosequi without prejudice, at the State's request, with respect to the initial indictment. On November 14, 2017, the trial court sustained Pendergrass's motion to dismiss the re-indictment, and on November 22, 2017, the State timely filed a notice of appeal to this court.

## II. Analysis

{¶ 6} For its first assignment of error, the State contends that:

THE TRIAL COURT ERRED IN GRANTING PENDERGRASS' MOTION TO DISMISS THE RE-INDICTMENT BASED ON ITS CONCLUSION THAT PENDERGRASS' PRIOR CONVICTION FOR UNLAWFUL SEXUAL CONDUCT WITH A MINOR COULD NOT SERVE AS A PRIOR CONVICTION THEREBY INCREASING THE DEGREE OF

FELONY.

{¶ 7} In its decision sustaining Pendergrass's motion to dismiss, the trial court determined that his conviction in Case No. 2016 CR 02355 "is actually * * * a conviction subsequent to the violations alleged in the re-indictment," because the events that gave rise to the conviction occurred after the events on which the re-indictment is based. (Emphasis sic.)   Decision & Entry Sustaining Mot. to Dismiss Re-indictment 2-3, Nov. 14, 2017 [hereinafter *Decision*].   The State argues that the trial court erred by predicating its decision on the sequence in which the underlying events occurred, rather than the sequence in which the legal proceedings occurred.   We find that the trial court erred by dismissing the re-indictment.

{¶ 8} A "motion to dismiss [under Crim.R. 12(C)(2)] tests the legal sufficiency of [an] indictment, regardless of the quality or quantity of the evidence that may be introduced [at trial either by] the state or [by] the defendant."   (Citations omitted.)   *State ex rel. Steffen v. Court of Appeals*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 34; *State v. Pointer*, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853, ¶ 16 (2d Dist.), citing *Steffen* at ¶ 34.   When presented with a motion to dismiss an indictment, a trial court should determine only "whether the allegations [describe one or more] offenses under Ohio criminal law."   *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2d Dist.1989); *see also* Crim.R. 7(B).   The question of whether the evidence is sufficient to support a conviction must be left for a trial on the merits.   (Citation omitted.)   *Pointer* at ¶ 16.   On appeal, a trial court's ruling on a motion under Crim.R. 12(C)(2) is reviewed de novo.   (Citation omitted.)   *State v. Thornsbury*, 4th Dist. Lawrence No. 12CA9, 2013-Ohio-1914, ¶ 6.

**{¶ 9}** R.C. 2907.04(A) prohibits any "person who is eighteen years of age or older" from "engag[ing] in sexual conduct with [a minor] who is not the offender's spouse," if the "offender" either "knows the [minor] is thirteen years of age or older but less than sixteen years of age" or "is reckless in that regard." Under R.C. 2907.04(B), if "the offender previously has been convicted of or pleaded guilty to a violation of * * * [R.C.] 2907.04," then "unlawful sexual conduct with a minor is a felony of the second degree." The term "conviction" generally means " 'the state of having been proved guilty.' " *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 12, quoting *Black's Law Dictionary* 335 (7th Ed.1999). As the term is used in the Ohio Revised Code, " 'a "conviction" consists of a guilty verdict <u>and</u> the imposition of a sentence or penalty.' " (Emphasis sic.) *See State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, ¶ 40, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12.

**{¶ 10}** Here, Pendergrass argues that because the word "offender," instead of the word "defendant," is used in R.C. 2907.04(B)(4), the phrase "previously has been convicted * * * or pleaded guilty" relates to the time at which he allegedly engaged in the conduct described in the re-indictment, rather than to the date on which he was convicted in Case No. 2016 CR 02355. *See* Appellee's Br. 4. The trial court concurred. Decision 2-3. Interpreting the statute accordingly, the trial court reasoned that for Pendergrass to have been validly re-indicted for a second degree felony on the basis of a previous conviction, the previous conviction must already have been a matter of record at the time he committed the acts cited in the re-indictment. *See id.* at 3.

**{¶ 11}** The trial court found support for its interpretation in the Ohio Supreme Court's opinion in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283.

Decision 3. In its opinion, the Ohio Supreme Court considered the question of "whether [a] conviction [for a] sexually violent offense may be used as the conviction * * * to support [a] sexually violent predator specification [where the defendant was charged with the offense and the specification] in <u>the same indictment</u>." (Emphasis added.) *Id.* at ¶ 1. Answering the question in the negative, the Court held that the specification could only be based on "a <u>conviction</u> that existed prior to the indictment of the underlying offense." (Emphasis added.) *Id.*

{¶ 12} The trial court's interpretation of R.C. 2907.04(B)(4), however, discounts the meaning of the word "conviction," which is defined exclusively by reference to legal proceedings. *Compare Smith* at ¶ 1 and 18, *with Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 12, *and Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, ¶ 40; *see also* Decision 3. For that matter, the holding in *Smith* appears to have limited relevance to this case given the narrowness of the issue presented for the Court's review. *See Smith* at ¶ 1 and 31-32.

{¶ 13} On its face, the statute is not ambiguous. R.C. 2907.04(B)(4) makes no reference to the chronological order in which a person commits violations of R.C. 2907.04(A) but, instead, refers exclusively to the order in which "the offender" is "convicted of" or "plead[s] guilty to" such violations. *Compare State v. Brantley*, 1 Ohio St.2d 139, 205 N.E.2d 391 (1965), syllabus. Moreover, the word "offender" must be construed within the context in which it appears. R.C. 2907.04(B) states that "[w]hoever violates [R.C. 2907.04(A)] is guilty of unlawful sexual conduct with a minor." The "offender," then, is the person who has violated R.C. 2907.04(A), and the use of the verb "to violate" in the present tense indicates that the violation in question is the current

violation, as opposed to the violation or violations that resulted in the previous conviction or guilty plea. Consequently, R.C. 2907.04(B)(4) could be paraphrased as follows: "If the person who is found guilty of, or pleads guilty to, a violation of R.C. 2907.04(A) has already been convicted of a sex offense under R.C. 2907.02, 2907.03 or 2907.04, then the violation is a felony of the second degree."

{¶ 14} Here, in Case No. 2016 CR 02355, Pendergrass entered a plea of guilty to a violation of R.C. 2907.04(A), and was sentenced, 11 months before he was initially indicted in this case. The State's first assignment of error is sustained.

{¶ 15} For its second assignment of error, the State contends that:

THE TRIAL COURT ERRED IN DISMISSING THE ENTIRE RE-INDICTMENT WHEN THE COURT ONLY SHOULD HAVE DISMISSED THE CHALLENGED PRIOR-CONVICTION ELEMENT, THEREBY LEAVING IN PLACE THE LESSER-INCLUDED OFFENSE OF FOURTH DEGREE UNLAWFUL SEXUAL CONDUCT WITH A MINOR.

{¶ 16} The State argues in the alternative that the trial court should have reformed the re-indictment to charge Pendergrass with fourth degree felonies under R.C. 2907.04(A) and (B)(1), rather than dismissing the re-indictment in its entirety. *See* Appellant's Br. 8. As a result of our disposition of the State's first assignment of error, we overrule the State's second assignment of error as moot.

### III. Conclusion

{¶ 17} We find that the re-indictment validly charged Pendergrass with a previous conviction for a violation of R.C. 2907.04(A), regardless of the fact that the re-indictment related to conduct that allegedly occurred before the conduct at issue in Case No. 2016

CR 02355. Therefore, the State's first assignment of error is sustained; the State's second assignment of error is overruled as moot; and the trial court's judgment of November 14, 2017, is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J., concurring:

{¶ 18} Between May 2013 and May 2014, Pendergrass allegedly committed certain acts constituting unlawful sexual conduct with a minor.

{¶ 19} Between October 2015 and December 2015, Pendergrass again allegedly committed certain acts constituting unlawful sexual conduct with a minor, for which he was indicted in August 2016 and to which he pled guilty on September 30, 2016, in Montgomery County C.P. No. 16 CR 3355.

{¶ 20} On September 13, 2017, Pendergrass was indicted in Montgomery County C.P. No. 17 CR 896 for the acts he allegedly committed in 2013, before the 2015 acts for which he was indicted and convicted in 2016.

{¶ 21} This chronology initially might have presented no issues since all charges were brought within the relevant statutes of limitations. For example, the State may not have been aware of the 2013 offenses when in 2016 it indicted Pendergrass and accepted a plea to the 2015 offenses. However, the 2017 indictment provided a much more serious penalty, because it alleged Pendergrass "previously ha[d] * * * pleaded guilty" to the same criminal offense. *See* R.C. 2907.04(B)(4).

{¶ 22} It seems illogical to charge a person as a repeat offender for having committed an offense at a time when he in fact was not a repeat offender; that is,

Pendergrass was charged for a 2013 offense as a repeat offender although when he committed the 2013, offense he was a first offender.

{¶ 23} Absent any suggestion of prosecutorial manipulation of charges or convictions, this appears to be a legislative decision. As in *Deal v. United States*, 508 U.S. 129, 135, 113 S.Ct 1993, 124 L.Ed.2d 44 (1993), the relevant statute[1] "does not use the term 'offense,' so it cannot possibly be said that it requires a criminal act after the first conviction. What it requires is a *conviction* after the first conviction. There is utterly no ambiguity in that, and hence no occasion to invoke the rule of lenity." (Emphasis sic.)

{¶ 24} Whatever penological theory (punishment, deterrence, rehabilitation, incapacitation) is accepted, subsequent offenses generally are treated differently. The scenario in this case, however, is that at the time he allegedly committed the 2013 offense (for which he was charged as a repeat offender in 2017), Pendergrass was not a repeat offender since he, at that time, had not committed a prior offense. Therefore, whatever justification exists for a harsher sentence for a subsequent offender, it did not exist in 2013 when Pendergrass allegedly committed that offense. *Deal*, however, characterizes as "nothing but personal intuition" the contention that the statute is directed at those who "failed to learn their lessons from the initial punishment." *Id.* at 136.

{¶ 25} The holding in *Deal* has been questioned since "there are perhaps good reasons to believe Congress did not intend this result." *United States v. Johnson*, 6th Cir. No.16-2063, 702 Fed.Appx. 349, 366 (Aug. 1, 2017), *cert. denied*, 138 S.Ct. 1591 (Apr. 23, 2018). Regardless, the Ohio statute, like the federal statute, says "conviction," not

---

[1] 18 U.S.C. 924(c)(1)(C), the U.S. Code section applied in *Deal*, provided a harsher sentence "in the case of a second or subsequent conviction under this subsection."

"offense."

{¶ 26} Given that R.C. 2907.04(B)(4) refers to those "previously * * * convicted," I must concur in the reversal of the dismissal.

DONOVAN, J., dissenting:

{¶ 27} I disagree. The majority concludes that "previous conviction" means a conviction that was journalized prior to imposing sentence on the instant indictment. However, based upon the statutory language of R.C. 2907.04, read in context, I would conclude that "previous conviction" means any conviction that occurred before the commission of the instant indicted charge. Had the legislature intended the majority's reading of the statute, it could have easily unequivocally defined "previous conviction" as a conviction that was **entered** prior to imposing sentence in the current crime, provided that the prior conviction was based on a crime committed in a separate criminal episode. In my view, a contextual reading of R.C. 2907.04 should point to the additional event to which "previous" refers. Previous to what? The plain text of R.C. 2907.04(B) ostensibly dictates that the "violation" serves as the defining event which the "previous conviction" must precede. This is so because R.C. 2907.04(A) defines the elements of the offense and R.C. 2907.04(B) states "Whoever violates this section is guilty of unlawful sexual conduct with a minor." The disputed language appears in R.C. 2907.04(B)(4).

{¶ 28} Because "previous to what" is the issue, in my view the statute is at least ambiguous. The majority focuses on the words conviction and offender, whereas we should focus on the words "previous" and "violates." Under the doctrine of *noscitur a socii,* the word "previous" must be read in context with the language used in the section as a whole. This doctrine dictates the undefined word may derive meaning not just from the

words that accompany it, but also those which are contextually associated with it. In *State v. Orban,* 11th Dist. Portage No. 1515, 1985 WL 4939 (Dec. 31, 1985), the Court applied this doctrine, recognizing that the language in R.C. 2907.06(A) must be read in conjunction with R.C. 2907.06(A)(1). Since the statute is reasonably susceptible to more than one interpretation, we must strictly construe it in favor of the accused. *Miamisburg v. Wood,* 137 Ohio App.3d 623, 625-626, 739 N.E.2d 410 (2d Dist.2000), citing *State v. Hill,* 70 Ohio St.3d 25, 31, 635 N.E.2d 1248, 1253 (1994).

{¶ 29} Furthermore, if we were to adopt the state's interpretation – that any convictions obtained prior to sentencing qualify as **"previous convictions"** – we would be violating a cardinal rule of statutory construction by reading the term "previous" out of the statute. *See Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) ("We are * * * reluctant to treat statutory terms as **surplusage** in any setting.") (Emphasis added; internal quotation marks and citations omitted). Because the state's approach incorporates *all* convictions existing at the time of sentencing, when this provision is applied, every conviction would, by definition, be "previous," rendering inclusion of the word "previous" entirely unnecessary. *See United States v. Talley,* 16 F.3d 972, 975-76 (8th Cir.1994) ("If **previous convictions** meant those convictions a defendant had accumulated prior to sentencing, Congress could have omitted the world *previous* because, at sentencing, a district court could never consider *convictions* not yet in existence.")(Emphasis sic). I would decline to treat the word "previous" as mere **surplusage.**

{¶ 30} Simply put, Pendergrass did not <u>commit</u> this second offense after his first conviction and, in my view, a recidivist statute which is historically designed to punish

offenders who have not responded affirmatively to the restraining influence of conviction and punishment should not apply. I would affirm.

. . . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Jeffrey R. McQuiston
Hon. Richard Skelton