[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Pendergrass*, Slip Opinion No. 2020-Ohio-3335.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3335

THE STATE OF OHIO, APPELLEE, *v*. PENDERGRASS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Pendergrass*, Slip Opinion No. 2020-Ohio-3335.]**

*Criminal law—Statutory interpretation—Rule of lenity—Unlawful sexual conduct with a minor—Sentencing enhancement in R.C. 2907.04(B)(4) for previous qualifying conviction requires that the defendant had the qualifying conviction when he committed the charged offense—Court of appeals' judgment reversed.*

(No. 2018-1814—Submitted January 29, 2020—Decided June 17, 2020.)

APPEAL from the Court of Appeals for Montgomery County, No. 27814, 2018-Ohio-3813.

_____

**DEWINE, J.**

{¶ 1} The statute that criminalizes unlawful sexual conduct with a minor, R.C. 2907.04, says that an offender is subject to an enhanced penalty if he

"previously has been convicted of" certain listed sex crimes. R.C. 2907.04(B)(4). The question we have to resolve is "previous to what?"

{¶ 2} The state maintains that the enhancement applies if *at the time of indictment* the offender has previously been convicted of a qualifying sex crime. Gerald Pendergrass, the appellant in this case, says no, the enhancement only applies if *at the time of the offense* the offender has previously been convicted of a qualifying sex crime. Looking to the text of the statute, and mindful of the rule of lenity, we conclude that Pendergrass has the better of the argument. As a consequence, we reverse the judgment of the court of appeals below and reinstate the judgment of the trial court.

*Facts and procedural history*

{¶ 3} In September 2016, Pendergrass was convicted of one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04.[1] Then, in September 2017, Pendergrass was again indicted for unlawful sexual conduct with a minor. The 2017 indictment alleged that the criminal behavior occurred sometime between May 2013 and May 2015—that is, *before* the September 2016 conviction. This later indictment sought to enhance the charges from fourth-degree felonies to second-degree felonies under R.C. 2907.04(B)(4). That subdivision elevates the penalty for violating R.C. 2907.04 if the defendant "previously has been convicted of" certain sex crimes, including unlawful sexual conduct with a minor.

{¶ 4} Pendergrass moved to dismiss the indictment on the ground that the enhancement does not apply when the alleged criminal conduct predates the prior conviction. The trial court agreed with Pendergrass and granted his motion. The state appealed and the court of appeals reversed. The majority of the panel agreed with the state that any conviction for a qualifying offense prior to the indictment

---

1. According to the court of appeals, the 2016 indictment was for criminal behavior that occurred sometime between October 1 and December 1, 2015. 2018-Ohio-3813, 111 N.E.3d 120, ¶ 2. Although the record does not contain that indictment, the parties do not dispute these dates.

was sufficient to trigger the R.C. 2907.04(B)(4) enhancement. Because Pendergrass had been convicted of unlawful sexual conduct with a minor in September of 2016, they reasoned that the 2017 indictment could include the enhancement, even though the charged criminal activity predated the prior conviction. 2018-Ohio-3813, 111 N.E.3d 120, ¶ 17; *id*. at ¶ 26 (Froelich, J., concurring).

*The statutory text*

{¶ 5} In interpreting a statute, we begin with the statutory language. R.C. 2907.04(B) states:

> (B) Whoever violates this section is guilty of unlawful sexual conduct with a minor.
>
> (1) Except as otherwise provided in divisions B(2), (3), and (4) of this section, unlawful sexual conduct with a minor is a felony of the fourth degree.
>
> * * *
>
> (4) If the offender *previously has been convicted of* or pleaded guilty to [rape, sexual battery, or unlawful sexual conduct with a minor], unlawful sexual conduct with a minor is a felony of the second degree.

(Emphasis added.) Under dispute here is the proper interpretation of the phrase "previously has been convicted" in subdivision (B)(4). Our resolution of that dispute turns on determining the referent of "previously" so as to allow us to answer the question "previous to what?" Is any qualifying conviction previous to the indictment sufficient, or must the conviction have been previous to the charged criminal act?

{¶ 6} On its face, the statute does not directly answer the question. There is no obvious textual referent to the word "previously." Nonetheless, both the state and Pendergrass argue that the statutory language supports their preferred interpretation. Because our initial reading of the statute does not provide an obvious answer to the question in front of us, we turn to the arguments of each party.

*The state's argument lacks textual support*

{¶ 7} The state, in its brief, insists that the plain meaning of the statutory language unambiguously requires only that the qualifying conviction predate the new indictment. But the state doesn't engage in any actual analysis of the statutory text. Instead, it relies largely upon arguments about case law and public policy to support its preferred reading.

{¶ 8} The state hangs its hat primarily on this court's decisions in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, and *State v. Brantley*, 1 Ohio St.2d 139, 205 N.E.2d 391 (1965). *Smith* dealt with a sexually-violent-predator specification that imposed a greater penalty on a person convicted of a sexually violent offense when that person was found to be a "sexually violent predator"—defined as one " 'who has been *convicted* of or *pleaded* guilty to committing * * * a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses.' " (Emphasis in *Smith*.) *Smith* at ¶ 8. At issue was whether the sexually-violent-predator enhancement could be premised on the conviction for a sexually violent offense in the same indictment or whether there had to be a prior conviction for a sexually violent offense. This court said that there had to be a conviction "prior to the indictment"—language upon which the state seizes. *Id.* at ¶ 32. But given that the statutory language and the legal question under dispute in *Smith* are wholly unlike those presented here, it is hard to see how *Smith* is a relevant precedent.

4

{¶ 9} The same goes for *Brantley.* In that case, a gambling statute imposed a misdemeanor penalty "for the first offense" and a felony penalty "for each subsequent offense." *Id*. at 140. The defendant violated the statute in 1961 and was convicted for that violation in March of 1962. *Id*. at 141. He violated the statute a second time in February 1962. *Id.* This court had to decide whether the defendant could be indicted for a "subsequent offense" even though the second crime had been committed prior to the first conviction. This court reasoned that since the statute referenced the first or subsequent *offense* and not first or subsequent *conviction*, it did not matter that the conviction for the first offense occurred after the commission of the second offense—the second offense was a subsequent one. *Id.* For obvious reasons, *Brantley* is of limited use here: R.C. 2907.04(B)(4) uses totally different language—"previously has been convicted of" rather than "subsequent offense." And the temporal order is different—the present case involves an enhancement for the first-committed crime, whereas *Brantley* involved an enhancement for the second-committed crime.

{¶ 10} The state and the dissenting opinion argue that had the General Assembly intended that the previous conviction predate the criminal act, it could have said so explicitly. But this sort of argument makes little sense when confronted with two plausible competing interpretations of a statute.[2] Sure, the General Assembly could have said that the heightened penalty applies only when the previous conviction predates the offense. But it just as easily could have said that the heightened penalty applies whenever the previous conviction predates the indictment. So the fact that it said neither proves nothing.

---

2. Rather, this sort of argument makes sense only when one party offers up an interpretation that imposes additional implied constraints on the application of a statute that aren't based in the plain text. It's of no use at all in the case of a bona fide ambiguity in the statutory language. In that sort of case, it will always be equally true for both competing interpretations that the General Assembly could have more clearly stated its aims.

{¶ 11} In a similar vein, the state and the dissenting opinion contend that Pendergrass's interpretation would require us to insert words into the statute so as to limit its application to cases where the qualifying conviction came before the charged criminal act. Again, this line of reasoning makes little sense when confronted with an interpretive dispute arising from a statute's failure to explicitly differentiate between two competing interpretations. In such a case, making either interpretation explicit will require inserting additional words. In essence, the state and the dissenting opinion seem to share the view that because Pendergrass's interpretation is more restrictive than the state's, insofar as it makes the enhancement apply in fewer cases, the state's interpretation wins. But when interpreting criminal statutes, close calls don't go to the state, and in the face of an ambiguity, we don't default to interpreting the statute so as to allow the state to punish more rather than less. Indeed, the exact opposite is true. *See* R.C. 2901.04(A).

{¶ 12} Finally, the state makes a policy argument based on the fact that children often delay in reporting instances of sex abuse, and hence, someone like Pendergrass might avoid the heightened penalty altogether if victims come forward in a certain order. But that argument illustrates one of the problems with hypothesizing about the General Assembly's preferred policy outcomes—one tends to hypothesize the policy outcomes that they personally endorse.

{¶ 13} Indeed, if one takes to divining statutory meaning through guesses about the legislature's preferred policy outcomes, it is not hard to come up with outcomes that cut against the state's interpretation. For example, on the state's interpretation, when a defendant has committed multiple violations of R.C. 2907.04, the minimum sentence he faces would depend on the order in which the prosecution brings charges. If the prosecution brings charges in a staggered manner, rather than all at once, then the minimum penalty on the later charged crimes increases. In short, the severity of the penalty is contingent solely on how

the crime is prosecuted and not on differences in what a defendant did. As the United States Supreme Court has commented, it is a "strange consequence[]" for a statute to allow the prosecution to increase the punishment solely by altering the manner—i.e., the order—of charging the crimes. *Deal v. United States*, 508 U.S. 129, 134, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993).

{¶ 14} Further, the state's interpretation allows for the harsher punishment of a person for something that he hasn't yet done at the time he commits the criminal act. Remember that Pendergrass is being prosecuted for a crime that he is alleged to have committed sometime between May 2013 and May 2015. The previous conviction that the state now treats as triggering the heightened penalty was for a crime that occurred towards the end of 2015. Thus, at the time he committed the offense at issue in this appeal, Pendergrass would have reasonably expected that he was committing a crime that was a felony of the fourth degree, and not a felony of the second degree.

{¶ 15} The point is that it is not our role, and we are ill-equipped, to divine statutory meaning based on hunches about policy outcomes we suspect the legislature might have preferred. And here, there is no more reason to presume that legislators would want to include a heightened penalty whenever a person is convicted of a crime a second time, than that they would want to include a heightened penalty only when a person fails to correct his ways again after having once been punished. *See Deal* at 136.

{¶ 16} Thus, after working through the state's arguments, we still don't have a credible answer to the question "previous to what," and we are largely where we started. The dissenting opinion suggests that in not accepting the state's interpretation, this court is making the mistake of "search[ing] for ambiguity *before* looking at the specific language of the statute." Dissenting opinion at ¶ 33. But as we have explained, the specific language of the statute presents an interpretive puzzle that cannot be glossed over—the word "previously" needs a referent that

can answer the question "previous to what?" And the statutory language provides no obvious answer to that question. While it is true that a court ought not create an ambiguity where none exists, it is equally true that a court ought not ignore a bona fide interpretive puzzle that must be resolved.

{¶ 17} Towards the conclusion of its opinion, the dissent insists that "R.C. 2907.04(B) plainly states that a person must only have an applicable prior conviction on his or her record at the time new charges are filed in order for that offender to be liable for a second-degree felony." Dissenting opinion at ¶ 37. As should be obvious by now, the statute doesn't plainly state that at all. If the General Assembly had said *that*, then there would be no question regarding the proper interpretation of the statute. But it didn't, so here we are.

*The best textual argument supports Pendergrass's interpretation*

{¶ 18} Pendergrass argues that the plain reading of the text as a whole—as well as federal and state case law—supports his interpretation. At the very least, he says, the statute is ambiguous, and thus he should win under the rule of lenity.

{¶ 19} We find some merit in his textual argument. Where we are is that one cannot resolve the interpretive dispute by a casual glance at the face of the text, because there is no obvious referent for the word "previously" in R.C. 2907.04(B)(4) that provides a clear answer to the question "previous to what." Rather, one must draw an inference. And while there is no slam-dunk argument for either position here, Pendergrass's read on the statute at least has some textual support.

{¶ 20} Looking to the broader statutory language, rather than just subdivision (B)(4) in isolation, reveals some basis for thinking that the referent is the criminal act.

{¶ 21} Here again is the relevant statutory language in R.C. 2907.04(B):

8

(B) Whoever *violates* this section is guilty of unlawful sexual conduct with a minor.

\* \* \*

(4) If the offender previously has been convicted of [a qualifying offense], unlawful sexual conduct with a minor is a felony of the second degree.

(Emphasis added.)

{¶ 22} Read together then, the statute provides: If "whoever violates this section" "previously has been convicted" of a qualifying offense then "unlawful sexual conduct with a minor is a felony of the second degree." Thus, in context, the passages suggest that the "previously has been convicted" language refers to "whoever violates." The combination of the present tense "violates" with "previously has been convicted" indicates that the existence of the enhancement depends on a previous conviction at the time of the violation.

{¶ 23} To illustrate why this is the most natural reading, consider another grammatically analogous statement. Consider a house rule that provides: "Whoever steals cookies from the cookie jar gets no dessert tonight, and if he has previously been caught stealing from the cookie jar, he gets no dessert for a week." The intuitive meaning here is that if you steal cookies again after you were caught the first time, you don't get dessert for a week.

{¶ 24} So, based on the broader statutory language there is reason to think that the referent for the word "previously" in subdivision (B)(4) is the violation, not the indictment. This suggests that in order for the enhancement to apply, a defendant must have a qualifying conviction when he commits the charged offense.

*At a minimum, the case should be decided in Pendergrass's favor based on the rule of lenity*

{¶ 25} As we have explained, looking to the language of the statute, Pendergrass has the more plausible interpretation. But even if there are remaining doubts, the statute is at least ambiguous. R.C. 2901.04(A)—Ohio's statutory rule of lenity—states that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." As we have explained, the function of this rule is to prevent a court from "interpret[ing] a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous." *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38; *see also United States v. Santos*, 553 U.S. 507, 514, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008) (plurality opinion). Because no sound textual argument resolves the facial ambiguity in the statute in favor of the state's interpretation, at the very least, Pendergrass prevails under the rule of lenity.

*Conclusion*

{¶ 26} We reverse the court of appeals and reinstate the trial court's judgment.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY and DONNELLY, JJ., concur.

STEWART, J., concurs in judgment only.

FISCHER, J., dissents, with an opinion joined by FRENCH, J.

_____

**FISCHER, J., dissenting.**

{¶ 27} Respectfully, I must dissent.

{¶ 28} This case simply asks this court to interpret only the meaning of the phrase "previously has been convicted" in R.C. 2907.04(B)(4). And as statutory interpretation involves a question of law, this court must review the judgment of

the court of appeals de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. When interpreting a statutory provision, our primary concern must be to "ascertain and give effect to the intention[s]" of the legislature. *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 7, citing *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. To determine legislative intent, we first look to the plain language of the statute. *Id.* "If the meaning of the statute is unambiguous and definite, it must be applied as written *and no further interpretation is necessary*." (Emphasis added.) *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). And that is the exact situation at bar.

*The Statute Is Unambiguous*

{¶ 29} R.C. 2907.04 states:

(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

(B) Whoever violates this section is guilty of unlawful sexual conduct with a minor.

(1) Except as otherwise provided in divisions (B)(2), (3), and (4) of this section, unlawful sexual conduct with a minor is a felony of the fourth degree.

(2) Except as otherwise provided in division (B)(4) of this section, if the offender is less than four years older than the other person, unlawful sexual conduct with a minor is a misdemeanor of the first degree.

11

(3) Except as otherwise provided in division (B)(4) of this section, if the offender is ten or more years older than the other person, unlawful sexual conduct with a minor is a felony of the third degree.

(4) *If the offender previously has been convicted of or pleaded guilty to a violation* of section 2907.02 [rape], 2907.03 [sexual battery], or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code, unlawful sexual conduct with a minor is a felony of the second degree.

(Emphasis added.)

**{¶ 30}** On its face, this statute is clear. The applicable words are unambiguous: "If the offender previously has been convicted of or pleaded guilty to a [a qualifying offense], unlawful sexual conduct with a minor is a felony of the second degree." *Id.* That wording could not be clearer. The only way to make R.C. 2907.04(B)(4) ambiguous is to either add or subtract words or concepts, which this court cannot, and absolutely should not, do. *See Cincinnati City School Dist. Bd. of Edn. v. State Bd. of Edn.*, 122 Ohio St.3d 557, 2009-Ohio-3628, 913 N.E.2d 421, ¶ 19; *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 366, 481 N.E.2d 613 (1985).

*The Plain Language of R.C. 2907.04*

**{¶ 31}** A person commits the offense of unlawful sexual conduct with a minor when his actions satisfy the elements of the offense set forth in division (A) of the statute. However, unlike division (A), subdivision (B)(4) provides an element that enhances the degree of the offense when the charging document provides notice that the additional element is alleged to exist and it is then proved beyond a reasonable doubt that the element does exist. *See* R.C. 2945.75(A)(1); *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 11 ("When

12

the existence of a prior conviction affects the degree of the offense * * * it must be proven beyond a reasonable doubt before the level of the offense may be increased").

{¶ 32} Because a qualifying prior conviction has no bearing on whether a person commits a violation of unlawful sexual conduct with a minor under R.C. 2907.04(A), the violation giving rise to the subsequent prosecution does not serve as any type of defining event that the previous conviction must precede. On the contrary, if division (A) sets forth the elements of the offense that must be proved beyond a reasonable doubt for a finding of guilt, while subdivisions (B)(1) through (4) designate at what level and degree the offense will be charged based on the presence of an additional element or lack thereof, then it is only logical for the phrase "previously has been convicted" to refer to the period of time before charges are filed or an indictment is secured. Had the General Assembly intended that the prior conviction be entered before the alleged violation that is the subject of the subsequent prosecution, it could have—rather simply and explicitly—stated that requirement, as it has done elsewhere in the Revised Code. *See, e.g.*, R.C. 2950.01(F)(1)(j) (imposing a tier II sex-offender classification when the offender pleads guilty to or is convicted of "[a]ny sexually oriented offense that is *committed after* the sex offender *previously has been convicted of* * * * any sexually oriented offense or child-victim oriented offense for which the offender was classified a tier I sex offender/child-victim offender" [emphasis added]). The legislature did not do so, and this court should not do so now.

{¶ 33} We must be careful not to search for ambiguity *before* looking at the specific language of the statute—that is, we must avoid the risk of creating an ambiguity where none exists by getting lost in our attempts to analyze the statute rather than simply looking to the plain meaning of the statute's specific wording at the outset. We must look to the statute first to determine whether its meaning is plain. *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584, 651 N.E.2d 995

(1995); *see also Iddings v. Jefferson Cty. School Dist. Bd. of Edn.*, 155 Ohio St. 287, 290, 98 N.E.2d 827 (1951) ("When the meaning is plain from the language employed, an attempt to construe it only tends to make ambiguous that which is simple and clear"). Since R.C. 2907.04(B) is clear and unambiguous on its face, no further analysis is needed. *See Herman* at 584; *Savarese*, 74 Ohio St.3d at 545, 660 N.E.2d 463.

{¶ 34} I would reject Pendergrass's argument that if R.C. 2907.04(B)(4) requires only that a conviction be entered prior to a subsequent indictment, then the term "previously" is rendered meaningless in that provision. In making this argument, Pendergrass relies upon *United States v. Talley*, 16 F.3d 972 (8th Cir.1994). In *Talley*, the 8th Circuit Court of Appeals was called upon to interpret the requirements of 18 U.S.C. 924(e), a federal sentencing-enhancement provision that applies to " '*a person who violates section 922(g) of this title and has three previous convictions * * * for a violent felony or serious drug offense.*' " (Emphasis in *Talley*.) *Id.* at 975, quoting 18 U.S.C. 924(e)(1). The court reasoned,

> If *previous convictions* meant those convictions a defendant had accumulated prior to sentencing, Congress could have omitted the word *previous* because, at sentencing, a district court could never consider *convictions* not yet in existence. Thus, adoption of the government's interpretation of *previous convictions* effectively would render the term *previous* superfluous.

(Emphasis sic.) *Id.* at 975-976.

{¶ 35} Unlike the Eighth Circuit in *Talley*, in addressing the offense-level-enhancement issue before us, this court should not conclude that the word "previously" is rendered meaningless unless we interpret R.C. 2907.04(B)(4) to require any such conviction to be entered prior to the commission of an offense

charged subsequently. Within R.C. 2907.04(B), there are four separate provisions that outline the offense levels for unlawful sexual conduct with a minor. Subdivision (B)(1) states that "unlawful sexual conduct with a minor is a felony of the fourth degree." Then, depending on the age of the offender in relation to the victim, subdivisions (B)(2) and (B)(3) either reduce or enhance the offense level or degree. Lastly, subdivision (B)(4) states that unlawful sexual conduct with a minor is a felony of the second degree "[i]f the offender previously has been convicted of * * * a violation of section 2907.02, 2907.03, or 2907.04 * * *." When viewed in light of the provisions in (B)(1) through (3), the term "previously" in (B)(4) retains obvious and logical meaning because it clarifies that a person facing charges for unlawful sexual conduct with a minor for the first time, if convicted, is guilty of a fourth-degree felony, not a second-degree felony. If the legislature had used the phrase "has been convicted" instead of "previously has been convicted" in subdivision (B)(4), that language could cause confusion and ambiguity as to whether a first-time offense becomes a second-degree felony, once a conviction is entered on that offense.

{¶ 36} The inclusion of the word "previously" in R.C. 2907.04(B)(4) also aids courts when applying that subdivision in cases involving multiple counts of unlawful sexual conduct with a minor. If the word "previously" were omitted from the statute, then in a case in which a defendant is convicted of multiple counts of that offense within the same case, the sentencing court could treat one of the counts as a fourth-degree felony and the remaining counts as second-degree felonies. This scenario is foreclosed, however, due to the wording of R.C. 2907.04(B)(4). The inclusion of the word "previously" in that subdivision makes it clear that a conviction for unlawful sexual conduct with a minor is a second-degree felony only when the offender has already been convicted of a qualifying offense in an earlier case.

*Plain Language*

{¶ 37} This case boils down to nothing more than the plain and unambiguous language of a statute. Although R.C. 2907.04(B)(4) establishes that a prior conviction is an element to be proved beyond a reasonable doubt, the legislature did not require that the conviction be present prior to the commission of the offense that is subsequently charged. In other words, the fact that a conviction is an element of the offense that must be raised and proven at trial does not mean that the conviction must exist when the charged conduct occurs and not just when the offense is charged. Thus, R.C. 2907.04(B) plainly states that a person must only have an applicable prior conviction on his or her record at the time new charges are filed in order for that offender to be liable for a second-degree felony. To hold otherwise would be to limit the General Assembly's ability to execute its intent and to, effectively, make this court a legislative policymaker. That is not, and should not be, the role of this court. *See Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 113; *see also Iddings*, 155 Ohio St. at 290, 98 N.E.2d 827 ("To construe or interpret what is already plain is not interpretation but legislation, which is not the function of courts").

*Conclusion*

{¶ 38} I agree with the state that the plain and unambiguous language of the phrase "previously has been convicted" in R.C. 2907.04(B)(4) requires only that a person have a qualifying prior conviction on his or her record at the time new charges are filed in order for that offender to be liable for a second-degree felony. Nothing, absolutely nothing, in subdivision (B)(4) of the statute, or even R.C. 2907.04 as a whole, explicitly or impliedly indicates that the General Assembly intended that the prior conviction have preceded the conduct giving rise to a subsequent indictment. The plain language of R.C. 2907.04(B)(4) is unambiguous—it requires only that the person have been *previously convicted* of a

qualifying offense before the state initiates criminal proceedings for a violation of R.C. 2907.04.

{¶ 39} For these reasons, I must respectfully dissent and would affirm the judgment of the Second District Court of Appeals.

FRENCH, J., concurs in the foregoing opinion.

—————————

Mathias H. Heck, Montgomery County Prosecuting Attorney, and Heather N. Ketter and Lisa M. Light, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, Ohio Public Defender, and Victoria A. Bader, Assistant State Public Defender, for appellant.

—————————